TERRY C. COPPLE (ISB No. 1925)
ALEX P. MCLAUGHLIN (ISB No. 7977)
DAVISON, COPPLE, COPPLE & COPPLE, LLP
Attorneys at Law
Washington Mutual Capitol Plaza, Suite 600
199 North Capitol Boulevard
P.O. Box 1583
Boise, Idaho  83701
Telephone:     (208) 342-3658
Facsimile:      (208) 386-9428
tccopple@davisoncopple.com
mclaughlin@davisoncopple.com

GREGORY F. AHRENS
BRETT A. SCHATZ
WOOD, HERRON & EVANS, L.L.P.
Attorneys at Law
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio  45202-2917
Telephone:    (513) 241-2324
Facsimile:     (513) 421-7269
gahrens@whepatent.com
bschatz@whepatent.com

Attorneys for Defendants
    Escort Inc.
    Beltronics USA, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | ) Case No. 1:09-cv-00105-BLW |
| | ) |
| Plaintiff | ) |
| | ) **DEFENDANTS' OPPOSITION TO** |
| vs. | ) **PLAINTIFF'S MOTION TO STRIKE** |
| | ) **PORTIONS OF DEFENDANTS'** |
| ESCORT INC. | ) **INVALIDITY CONTENTIONS** |
| | ) **(DKT. NO. 67)** |

| | |
|---|---|
| and | ) |
| | ) |
| BELTRONICS USA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.   INTRODUCTION

Plaintiff Hoyt A. Fleming's ("Fleming") Motion to Strike is based on the flawed argument that patents and published applications resulting from applications filed with the United States Patent and Trademark Office ("USPTO") after the filing date of his original patent application are not relevant to the issue of invalidity of the patents-in-suit. According to Fleming, these patents and published applications cannot constitute "prior art." This is not the law, and the Court should deny Fleming's Motion accordingly.

Under the patent laws, applications that ultimately result in patents and published applications, but are filed later in time than the filing date of the original patent application to which a plaintiff claims priority, may constitute invaliding prior art under 35 U.S.C. § 102(g)(2). A defendant need only show that the invention described in those patents and published applications was conceived first and the inventor exercised reasonable diligence in reducing his invention to practice. *See* 35 U.S.C. § 102(g)(2). Regardless, later-filed patent applications are relevant to the issue of obviousness of an asserted patent when those applications demonstrate "contemporaneous conception." If a defendant can demonstrate contemporaneous conception, *i.e.*, that multiple, independent entities developed similar solutions to a problem purportedly solved by the asserted patent, and that they did so within a short period of time thereafter, it serves to demonstrate that the solution claimed in the asserted patent is likely to be obvious to one of ordinary skill in the art. *See* 35 U.S.C. § 103. Because Fleming's Motion seeks to exclude references that may constitute prior

art under 35 U.S.C. § 102(g)(2), and that at a minimum show obviousness of the asserted patents under 35 U.S.C. § 102(g)(2), Fleming's Motion should be denied.

Fleming's Motion is also premature. Fact discovery in this case is far from over and Defendants Escort Inc. and Beltronics USA, Inc. (collectively, "Defendants") are actively seeking discovery of information that may establish earlier conception and reasonable diligence required to demonstrate prior art under 35 U.S.C. § 102(g)(2). If such discovery yields information demonstrating earlier conception and reasonable diligence, the references Fleming seeks to exclude are prior art. Indeed, Defendants have already produced information demonstrating that certain of the references are prior art.

For these reasons, the Court should deny Fleming's Motion to Strike Portions of Defendants' Invalidity Contentions.

## II.   FACTUAL BACKGROUND

This is a patent case. Fleming claims that Defendants infringe certain claims of two reissue patents, namely U.S. Patent Nos. RE39,038 and RE40,653 (the "patents-in-suit"). (*See* Complaint, Dkt No. 1). Fleming maintains that the patents-in-suit are entitled to at least a priority date of the filing of the application that issued as the original patent, U.S. Patent No. 6,204,798 ("the '798 patent"). The application that issued as the '798 patent was filed April 14, 1999.

Defendants challenge the validity of the patents-in-suit under 35 U.S.C. §§ 102 and 103, among other statutory requirements. Accordingly, Defendants timely served their Patent Invalidity Contentions on July 2, 2009, and properly supplemented their Invalidity Contentions on August 5, 2010. (*See* Defendants' First Supplemental Patent Invalidity Contentions, Dkt. No. 65).

Fleming now moves this Court to strike several references relied upon by Defendants in support of their Invalidity Contentions. Specifically, Fleming seeks to have stricken seven issued patents and one published patent application from Defendants' Invalidity Contentions. The sole

basis for Fleming's argument is that the references result from applications filed with the USPTO after April 14, 1999, the date on which Fleming filed the application that issued as the '798 patent. According to Fleming, the fact that the references result from applications filed after April 14, 1999 makes it impossible for the references to constitute prior art, thereby rendering them irrelevant to the issue of invalidity.

Defendants maintain that this is an incorrect view of the law. The references that are the subject of Fleming's Motion are relevant to the invalidity of the patents-in-suit, and can be demonstrated to constitute prior art under 35 U.S.C. § 102(g)(2). Regardless, they are relevant to obviousness, and therefore invalidity of the patents-in-suit under 35 U.S.C. § 103.[1]

### III.  ARGUMENT

#### A.  The References May Constitute Prior Art 35 U.S.C. §102(g)(2)

Fleming's argument fails to consider that patents and published applications are entitled to, or may be proven to be entitled to, a priority date earlier than the dates on which their respective applications were filed with the USPTO. As such, they may also be entitled to a priority date earlier than the date on which the application that issued as the '798 patent was filed. If so, the references constitute prior art to the patents-in-suit.

Pursuant to 35 U.S.C. § 102, a person is entitled to a patent unless one or more bars to patentability are demonstrated. Particularly relevant to this matter, and fatal to Fleming's Motion, is 35 U.S.C. § 102(g)(2):

> § 102. Conditions for patentability; novelty and loss of right to patent
> A person shall be entitled to a patent unless—
>                *    *    *

---

[1] Contrary to what Fleming implies in his opening brief, Defendants identified a majority of the references in their original Invalidity Contentions, which were served in July 2009. These references were <u>not</u> asserted for the first time in Defendants' Supplemental Invalidity Contentions. Thus, Fleming has been on notice regarding these potentially invalidating references for more than a year.

DEFENDANTS' OPPOSITION TO
MOTION TO STRIKE                                    4

(g)(2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g)(2).

It may be accurate to state that the references that are the subject of Fleming's Motion result from applications having filing dates later in time than the date on which Fleming filed the application that issued as his original patent. Even assuming this to be true, 35 U.S.C. § 102(g)(2) provides that these references may constitute prior art to the patents-in-suit. Defendants need only demonstrate that the inventions disclosed in the references were conceived before the earliest priority date to which the patents-in-suit are entitled, and that reasonable diligence was undertaken to reduce those inventions to practice. If so, the references are prior art under 35 U.S.C. § 102(g). Otherwise stated, under these circumstances, the priority dates to which these references would be entitled fall before Fleming's priority date.

The Federal Circuit has been crystal clear on this point for years:

> [T]he person 'who first conceives, and, in a mental sense, first invents … may date his patentable invention back to the time of its conception, if he connects the conception with its reduction to practice by reasonable diligence on his part, so that they are substantially one continuous act.' [citation omitted]. Stated otherwise, priority of invention 'goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice.'

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996); *see also z4 Tech. Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1352 (Fed. Cir. 2007) ("This court has interpreted § 102(g) to provide that 'priority of invention goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice."); *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d

1373, 1381 (Fed. Cir. 2002) ("Prior invention by another invalidates a claimed invention under section 102(g)(2) if the prior inventor either reduced the invention to practice first, or conceived of the invention first and subsequently reduced the invention to practice."); *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334 (Fed. Cir. 2001) ("[I]f a patentee's invention has been made by another, prior inventor who has not abandoned, suppressed, or concealed the invention, § 102(g) will invalidate that patent.").

Indeed, each of the references at issue may be entitled to priority dates well in advance of Fleming's priority date because they may have been reduced to practice before the date on which Fleming filed the application that issued as the '798 patent. Alternatively, the references may be entitled to priority dates well in advance of Fleming's priority date if the invention the references claim was conceived before Fleming's priority date and the inventors exercised reasonable diligence in reducing their inventions to practice. If so demonstrated, then Fleming would bear the burden of demonstrating that he is entitled to a priority date before the respective priority date of each reference. *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1037 (Fed. Cir. 2001) (discussing burden shifting related to § 102(g) defenses); *see also z4 Tech*, 507 F.3d at 1352.

Defendants have already produced documents establishing that several of the references that are the subject of Fleming's Motion may constitute prior art under section 102(g). By way of example only, U.S. Patent No. 6,118,403 to Lang is based on a provisional application dated November 13, 1998. (*See* Exhibit A). In like vein, U.S. Patent No. 6,449,540 to Rayner is based on a series of continuation-in-part applications dating back to July 9, 1998. (*See* Exhibit B). As such, these two references may constitute prior art under section 102(g). Regardless, further third party discovery may show that these references are prior art under section 102(g)(2).

Four of the eight references that are the subject of Fleming's Motion involve inventions conceived by Mr. Steven Orr: U.S. Patent No. 6,614,385; U.S. Patent No. 6,670,905; PCT

Publication Number WO 00/77,539; and U.S. Patent Publication No. 2003/218,562. (*See* Exhibit C). Defendants have produced hundreds of documents that relate to Mr. Orr's work at least as early as 1996.

Fact discovery in this case does not close until January 31, 2011, and Defendants are actively pursuing discovery from third parties that may establish that the remaining references are prior art. With respect to U.S. Patent No. 6,384,776 to Martin (*see* Exhibit D), Defendants have served a third party subpoena to the named inventor, Mr. B. Todd Martin. (*See* Exhibit E). Defendants expect that Mr. Martin's deposition and document production will yield facts tending to show that he conceived his "EM Signal Detection and Broadcasting System and Method" before the filing date of the application that issued as the '798 patent. On this point, Defendants note that the application that issued as U.S. Patent No. 6,384,776 to Martin was filed only a few weeks after the filing date of the application that issued as the '798 patent.

In sum, Fleming mistakenly argues that the filing dates of the references that are the subject of his Motion are dispositive of whether each may constitute prior art to the patents-in-suit. Contrary to Fleming's argument, section 102(g)(2) provides that each of the references may be entitled to priority dates earlier than the filing dates of their respective applications. More importantly, section 102(g)(2) provides that each of these references may be entitled to priority dates that are earlier than the filing date of the application that issued as the '798 patent.

### B. The References Are Relevant To Secondary Considerations of Obviousness Under 35 U.S.C. §103

Fleming's Motion fails for another independent reason: each of the references at issue relates to and provides support for Defendants' invalidity argument under 35 U.S.C. § 103. Specifically, each of these references may demonstrate contemporaneous conception of the inventions claimed in the patents-in-suit. Therefore, they establish that the patents-in-suit are obvious, and therefore invalid.

Contemporaneous conception of an invention by more than one inventor working independently of another is a secondary consideration of obviousness. It is evidence that the patented solution is obvious because it was obvious to try, or within the knowledge of those of ordinary skill in the art. Development of a solution by multiple parties indicates that the results were predictable, and therefore obvious.

On this point, the Supreme Court recently explained:

> When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under § 103.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007).

Courts have long-relied upon contemporaneous conception as evidence tending to show that the claimed solution was obvious. In *Concrete Appliance v. Gomery*, for example, the Supreme Court stated that "adaptation independently made by engineers and builders … within a comparatively short space of time … [is] persuasive evidence that this use, in combination of well known mechanical elements, was the product only of ordinary mechanical or engineering skill, and not of inventive genius." *Concrete Appliance v. Gomery*, 269 U.S. 177, 185 (1925) (citing *Atlantio Works v. Brady*, 107 U.S. 192 (1883)).

More recently, the Federal Circuit has endorsed contemporaneous conception by multiple "inventors" as evidence of obviousness. *See e.g., Geo M. Martin v. Alliance Mach. Sys. Int'l*, Case No. 2009-1132, 2010 U.S. App. LEXIS 17377, at *23 (Fed. Cir. Aug. 20, 2010) ("[T]he secondary consideration of simultaneous invention might also supply 'indicia of obviousness.'"); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000) (*quoting Lindemann Maschinenfabrik GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1460 (Fed. Cir. 1984) ("[T]he possibility of near simultaneous invention by two or more equally talented inventors

working independently, that occurrence may or may not be an indication of obviousness when considered in light of all the circumstances.")); *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 883 (Fed. Cir. 1998) ("[C]ontemporaneous independent invention … is relevant as a secondary consideration.") (*citing Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986)).

A leading patent scholar succinctly summarized contemporaneous conception as a secondary consideration as follows:

> Evidence that a number of other persons, working under the same state of the prior art, arrived at the same or similar solutions to that embodied in a patent claim has been relied upon in a number of decisions as tending to show that the claimed solution was obvious. The other solutions may not be "prior art" in the strict sense; they may have occurred after the patent claimant's date of invention or in another country. However, such solutions are still "secondary considerations" from which the obviousness of the claim may be inferred.

2 CHISUM ON PATENTS § 5.05[7], p. 727-29 (2008). The fact that patents and published applications are relevant to the issue of obviousness regardless of whether they technically qualify as prior art aligns with the widely understood patent law principle that "[m]any of the familiar objective indicia of non-obviousness, the relevance of which is well established and was recognized by the Supreme Court … often depend on facts developed after application." *In re Tiffin*, 443 F.2d 394, 398 (CCPA 1971) (citation omitted).

Here, the evidence indicates that there were multiple individuals, working independently of each other, who conceived of using GPS technology with radar detection. This contemporaneous conception occurred, at the latest, in direct temporal proximity to the filing date of the application that issued as the '798 patent. By way of example only, seven of the references that are the subject of Fleming's Motion were filed with the USPTO within a few months of the filing date of the application that issued as the '798 patent. As illustrated in Fleming's opening brief (*see* Dkt. No. 67, p. 7), the filing dates of the references at issue are as follows:



At least four additional, independent entities sought inventive solutions at or around the same time period as Fleming. By way of example, U.S. Patent No. 6,384,776 to Martin resulted from an application filed April 30, 1999. In like vein, U.S. Patent No. 6,201,493 to Silverman resulted from an application filed May 28, 1999. Four references – U.S. Patent No. 6,614,385; U.S. Patent No. 6,670,905; PCT Publication Number WO 00/77,539; and U.S. Patent Publication No. 2003/218,562– were invented by Steven Orr, and documents showing Mr. Orr's earlier work have already been produced. U.S. Patent No. 6,118,403 to Lang resulted from an application filed August 24, 1999, only a few months after the filing date of the application that issued as the '798 patent. Finally, U.S. Patent No. 6,449,540 to Rayner matured from an application filed September 25, 2000, and it may be entitled to a priority date of July 9, 1998 based on earlier-filed applications. This contemporaneous conception by multiple, independent entities indicates that the "solution" Fleming claims to have invented was more likely "the product only of ordinary mechanical or engineering skill, and not of inventive genius." *Concrete Appliance*, 269 U.S. at 185.

## IV. CONCLUSION

Plaintiff's Motion to Strike should be denied. The references that are the subject of Plaintiff's Motion may constitute prior art under 35 U.S.C. § 102(g)(2). Regardless, each of the references relate to the obviousness of the patents-in-suit under 35 U.S.C. § 103. Therefore, each of the references is relevant to Defendants' invalidity defenses.

DATED this 7th day of September 2010.

        WOOD, HERRON & EVANS, L.L.P.

        By: /s/
            Brett A. Schatz, of the firm
            WOOD, HERRON & EVANS, L.L.P.
            Attorneys at Law
            441 Vine Street, 2700 Carew Tower
            Cincinnati, Ohio 45202-2917
            Telephone: (513) 241-2324
            Facsimile: (513) 421-7269
            bschatz@whepatent.com

            Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of September 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

      Michael S. Dowler
      Park, Vaughn, Fleming & Dowler LLP
      mike@parklegal.com

      Peter M. Midgley
      Zarian Midgley & Johnson, PLLC
      midgley@zarianmidgley.com


                                        /s/