Michael S. Dowler
mike@parklegal.com
(Admitted Pro Hac Vice)
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>Plaintiff,<br>v.<br><br>ESCORT INC. and BELTRONICS USA, INC.<br><br>Defendants. | Case No. 1:09-cv-00105-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF DEFENDANTS' INVALIDITY CONTENTIONS (DKT. NO. 67) |

## SUMMARY

This motion concerns one of the most fundamental legal issues in a patent case—what constitutes prior art to plaintiff's asserted patents. Resolving this issue of law now is important because the Court's ruling will affect the parties' on-going discovery efforts, their expert reports, and their trial preparation. Likewise, the Court's decision will materially influence the fairness of trial since it will control what "prior art" evidence is (and is not) presented to the jury for its decision. Because the Patent Statute and the Federal Circuit both expressly reject certain of defendants' presently asserted references as prior art, each of those references should be stricken from defendants' patent invalidity contentions so that the parties, the court, and the jury focus only on legally cognizable references.

The parties' briefing has made the Court's analysis straightforward. Plaintiff's opening brief sought to strike certain of defendants' alleged prior art references because those references do not qualify as prior art under 35 U.S.C. § 102(e). Defendants' opposition brief conspicuously never mentions § 102(e). Instead, in an effort to salvage the references, defendants now argue that the references are prior art under 35 U.S.C. § 102(g). Aside from the fact that this Court's Local Patent Rules forbid such a change in contentions at this point in the case, the Federal Circuit has held for the last 20+ years that defendants' alleged prior art references are not prior art under § 102(g).

Thus, even if the Court were inclined to allow defendants to change their invalidity contentions at this late stage of the case, controlling Federal Circuit precedent renders that change a nullity because a reference that post-dates the filing of plaintiff's asserted patents is not legally cognizable prior art under 35 U.S.C. § 102(g). Accordingly, plaintiff respectfully requests an order striking those references from defendants' invalidity contentions.

## ARGUMENT

### A. The Parties Agree the "Prior Art" Status of a Reference is a Question of Law

The issue presented by this motion is one that the parties agree is a question of law that requires no underlying finding of disputed fact. (*See e.g.,* Dkt. No. 73, Defendants' Opp. Br., p. 2 ("According to Fleming, these patents and published applications cannot constitute 'prior art.' This is not the law… ."; *see also* p. 4 ("Defendants maintain that this is an incorrect view of the law.").) Interpretation of 35 U.S.C. § 102(e) and (g) is a question of law, and judicial notice can be taken that each of the disputed/alleged "prior art" references was filed at the U.S. Patent Office *after* the effective filing date for each of plaintiff's asserted patents. Nothing else is required to decide the issue presented. The fact that each of the disputed references post-dates

the effective filing date of plaintiff's asserted patents compels the conclusion that those references are neither § 102(e) nor § 102(g) prior art.

**B.   The Importance of Plaintiff's Motion to this Case**

The importance of the present motion is multifaceted.  The Court recently entered its claim construction decision (Dkt. No. 56, June 29, 2010) and a scheduling order controlling the remainder of the case (Dkt. No. 64, August 2, 2010), and defendants served their supplemental invalidity contentions (Dkt. No. 65, August 5, 2010).  Accordingly, the parties are about to embark on the final stages of discovery and preparation of their expert reports.  Plaintiff filed this motion on August 12, 2010 in an effort to prevent the massive waste of time, money, and effort that will ensue if the parties are forced to deal with certain of the defendants' alleged prior art references that the Patent Statute expressly bars as "prior art" in a case like this.  While Fleming is an individual plaintiff without the defendants' vast financial resources, even opposing corporate parties should not be allowed to financially bludgeon each other in pursuit of legal theories that the law expressly prohibits.

This issue is also critical because the defendants should not be allowed to suggest to the jury that these disputed references are prior art when the law says they are not.  As shown in plaintiff's opening brief, each of the alleged "prior art" references post-dates plaintiff's asserted patents.  As such, it comes as no surprise that some of these references discuss some of the same things in plaintiff's asserted patents.  Indeed, that which comes later commonly discusses that which came before, and then adds to the historical knowledge base of that which came before.  And that is precisely another one of the problems with defendants' contentions.  Defendants want to waive this later-developed information in front of the jury and call it invalidating "prior art," when it is not prior art at all.  The Court, not plaintiff or the jury, is the guard against

defendants' proposed slight of hand, which is an additional reason why a ruling on plaintiff's motion is necessary and important.

**C. The Alleged "Prior Art" References are not § 102(e) Prior Art**

Defendants' invalidity contentions identify the eight disputed references as alleged prior art under 35 U.S.C. § 102. (*See* Dkt. No. 65, Defendants' First Supplemental Invalidity Contentions, pp. 4-6.)[1] Notably, defendants did not identify which of the seven subsections of § 102 they contended those references fell under. Since correspondence between the parties led plaintiff to believe that defendants were asserting the references under subsection 102(e), plaintiff filed his motion to strike on that basis.

Plaintiff then received defendants' opposition brief, which only argues that the disputed references are prior art under subsection 102(g). Indeed, there is not a single reference to § 102(e) anywhere in defendants' opposition brief. Accordingly, plaintiff respectfully requests an order holding that each of the disputed references (attached as Exhibits 1-8 to plaintiff's opening brief) are not prior art to the asserted patents under 35 U.S.C. § 102(e).

**D. The Federal Circuit has Expressly Rejected Defendants' § 102(g) Argument**

With no argument that the disputed references are prior art under 35 U.S.C. § 102(e), defendants now seek to amend their invalidity contentions to assert that those references are prior art under § 102(g). While attempting such a change via an opposition brief at this point in the case is forbidden, the Federal Circuit has mooted that issue by holding for the last 20+ years that none of the disputed references is a prior art reference under § 102(g). Again, this only makes sense because that which admittedly comes later (defendants' disputed/alleged "prior art")

[1] Note that even prior art alleged to invalidate the asserted patents under 35 U.S.C. § 103 must first qualify as prior art under one of the subsections of 35 U.S.C. § 102. *See* 35 U.S.C. § 103(a); *see also Ormco Corp. v. Align Tech.,* 463 F.3d 1299, 1305 (Fed. Cir. 2006).

cannot invalidate that which admittedly came before (plaintiff's asserted patents).

A brief understanding of 35 U.S.C. § 102 puts the issue in context. That section of the Patent Statute describes some of the limitations on a person's right to a United States patent. *See* 35 U.S.C. § 102. There are seven subsections to § 102, subsections (a)-(g). Subsections (a), (b), (d), and (e) relate in whole or in part to prior art "references", i.e., a patent or printed publication that predates another's invention (or application filing date) such that the patent or printed publication can be used as a prior art "reference" to invalidate the other's patent.

Unlike subsections (a), (b), (d), and (e), subsection (g) does not relate to a patent or printed publication "reference". It relates to another person's prior invention "activity". In other words, a prior invention under § 102(g) cannot be established—as defendants contend without citation support—with only a patent or patent application that post-dates the challenged/asserted patent. Rather, a prior invention defense under § 102(g) is established by proving certain activity, namely when that prior invention was first "conceived" and "reduced to practice". *See* 35 U.S.C. § 102(g)(2). Proving the dates on which conception and reduction to practice occurred can invalidate a challenged patent under § 102(g) if both dates are prior to the invention date of the challenged patent.[2]

While the concepts of "conception" and "reduction to practice" are unique to the field of patent law, they are simply explained. Conception occurs when:

> the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention; the inventor must prove his conception by

[2] 35 U.S.C. § 102(g) marks a notable difference between the United States and most of the rest of the world since it defines the United States as a "first to invent" country, whereas most of the other countries are "first to file" countries. Put differently, the United States awards patents to those who are first to invent, whereas the rest of the world awards patents to those who are the first to file a patent application. The concepts are distinctly different since one can invent something well before filing a patent application.

corroborating evidence, preferably by showing a contemporaneous disclosure.

*Burroughs Wellcome Co. v. Barr Labs.,* 40 F.3d 1223, 1227-28 (Fed. Cir. 1994).  Reduction to practice under § 102(g) requires evidence demonstrating that the inventor:

> made an embodiment of the invention….and that he determined that the invention would work for its intended purpose.

*Union Carbide Chems. & Plastics Tech. v. Shell Oil Co.,* 308 F.3d 1167, 1189 (Fed. Cir. 2002). Thus, a prior invention under § 102(g) consists of "activity" (conception and reduction to practice) that, if proven to have taken place prior to at least the filing date of a patent sought to be invalidated, could operate to invalidate that patent.

Against this backdrop, we now turn to the critical issue for the present motion:  can the disputed references in defendants' invalidity contentions constitute a prior invention under § 102(g)?  The answer is "of course not".  Each of the disputed references undeniably post-date the effective filing date of plaintiff's asserted patents.  Thus, nothing in the references themselves evidences conception or reduction to practice of plaintiff's invention prior to the date of the references themselves.  The Federal Circuit has consistently confirmed this otherwise obvious truism for the past 20+ years.  In expressly rejecting the exact argument that defendants now advance (i.e., that the disputed references are prior art under § 102(g)), the Federal Circuit said in no uncertain terms:

> the effective date of a reference United States patent as prior art is its filing date in the United States, as stated in § 102(e), not the date of conception or actual reduction to practice of the invention claimed or the subject matter disclosed in the reference patent.

*Sun Studs, Inc. v. ATA Equip. Leasing, Inc.,* 872 F.2d 978, 983 (Fed. Cir. 1989).  Similarly, the Federal Circuit also held that:

> the disclosure in a reference United States patent does not fall under 35 U.S.C. §

102(g) but under 35 U.S.C. § 102(e).

*In re Zletz,* 893 F.2d 319, 323 (Fed. Cir. 1989). These holdings could not be clearer or more on point. To the extent the disputed references are prior art, they only potentially qualify as such under § 102(e) as of their filing date at the U.S. Patent Office.[3] As the Federal Circuit held, *they cannot and do not constitute prior art under § 102(g)*. *Id*. This ends the inquiry and compels the granting of plaintiff's motion.

Nevertheless, in hopes of maintaining clarity on the issue in light of the parties' competing arguments, the above analysis should not be read to say that there is no possibility of defendants developing evidence of a § 102(g) defense. Indeed, defendants argue they are in the process of seeking that discovery.

> [Defendants] are actively seeking discovery of information that may establish earlier conception and reasonable diligence required to demonstrate prior art under 35 U.S.C. § 102(g)(2).

(Dkt. No. 73, Defendants' Opp. Br., p. 3.) This illustrates plaintiff's exact point. As defendants themselves say, it is the evidence they hope to discover—not the disputed references themselves—that may form a § 102(g) prior invention defense. However, whatever evidence defendants ultimately do or do not discover, none of that discovery can make the disputed references prior art under § 102(g). In this context, a patent or patent application (like the disputed references) can only be prior art under § 102(e), not § 102(g). That is what the Federal Circuit held in *Sun Studs* and again in *In re Zletz.* Accordingly, the disputed references should be stricken from defendants' invalidity contentions because they are not prior art.

/

[3] As explained above, however, the relative filing dates of each of the disputed references vis-à-vis plaintiff's asserted patents preclude them from being § 102(e) references. *Supra* at p. 4.

**E. The Court's Local Patent Rules Forbid Defendants' Present Argument**

Defendants' served their invalidity contentions pursuant to the Local Patent Rules for the Northern District of California, which the Court adopted while in the process of adopting its own local patent rules. Defendants' invalidity contentions identified the disputed references as prior art to plaintiff's asserted patents, but defendants never alleged that the references were prior art under § 102(g). (*See e.g.,* Dkt. No. 65, Defendants' First Supplemental Invalidity Contentions at Exhs. 1 and 9 (titled "Orr Publication").) Indeed, unlike defendants' invalidity contentions for the disputed references, other sections of their contentions specifically describe an alleged "prior invention" under § 102(g). (*See id.* at Exhs. 2 and 10 (titled "Orr's Prior Invention").) Thus, defendants identified their contentions under § 102(g) when that is what they intended. However, they never disclosed the disputed references as § 102(g) references.[4]

Now, however, because there is no plausible argument that the disputed references are prior art under § 102(e), defendants effectively seek to amend their contentions to reflect their opposition arguments, i.e., that the references are § 102(g) prior art. The Local Patent Rules forbid defendants' maneuver. A party cannot change its invalidity contentions without leave of Court, much less nearly two years into the case. Dist. Idaho Loc. Patent R. 3-7 ("Amendments to the….Invalidity Contentions may be made only by order of the Court upon a timely application and showing of good cause."); *O2 Micro Int'l Ltd. v. Monolith Power Systems, Inc.,* 467 F.3d 1355, 1362-69 (Fed. Cir. 2006) (affirming denial of leave to amend patent contentions). Because

[4] The truth is that defendants intended their contentions concerning the disputed references to be under 35 U.S.C. § 102(e). Indeed, defendants made no attempt to comply with the N.D. Cal. L. R. 3.3(a) disclosure requirements ("Prior art under 35 U.S.C. 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s)") for § 102(g) prior art. Defendants, when they realized there was no authority for § 102(e), now have tried to "shoehorn" the references into § 102(g), which turns out to be equally implausible, as described above.

defendants cannot change their contentions, the issue of whether the disputed references are (or are not) prior art under § 102(g) need not even be decided. Plaintiff's motion can be granted based solely the fact that the disputed references do not qualify as prior art as stated in defendant's invalidity contentions.

**F. Defendants' "Contemporaneous Conception" Argument Fails as a Matter of Law**

In a final effort to save the disputed references from being stricken, defendants contend those references are relevant to the issue of invalidity because they allegedly constitute some evidence of "contemporaneous conception." (Dkt. No. 73, Defendants' Opp. Br., pp. 7-10.) As an initial matter, the Court need not even consider this argument because defendants' opposition brief is the first time defendants have ever raised that purported invalidity defense—it is never once mentioned in defendants' invalidity contentions. (*See* Dkt. No. 65, Defendants' First Supplemental Invalidity Contentions (no mention of contemporaneous conception); Dist. Idaho Loc. Patent R. 3-7 ("Amendments to the….Invalidity Contentions may be made only by order of the Court…."); *O2 Micro,* 467 F.3d at 1362-69 (Fed. Cir. 2006).) More substantively, however, defendants' argument misses the point entirely.

Plaintiff's motion seeks to strike the disputed references from defendants' invalidity contentions because the references are not prior art. Nothing about defendants' "contemporaneous conception" argument makes the disputed references prior art, nor do defendants even make that argument. In fact, perhaps unwittingly, defendants concede the exact opposite—that the disputed references are *not* prior art. Defendants rely on the following quote from a patent law treatise written by "a leading patent scholar", who defendants quote as saying:

> Evidence that a number of other persons, working under the same state of the prior art, arrived at the same or similar solutions to that embodied in a patent claim has been relied upon in a number of decisions as tending to show that the claimed

> solution was obvious. ***The other solutions may not be 'prior art' in the strict sense; they may have occurred after the patent claimant's date of invention or in another country.***

(Dkt. No. 73, Defendants' Opp. Br., p. 9 (quoting 2 CHISUM ON PATENTS § 5.05[7], p. 727-29 (2008)) (emphasis added).) Thus, defendants admit exactly what plaintiff has been contending all along—the disputed references are not prior art because they post-date plaintiff's invention. Note also that there is no caveat to this learned scholar's quoted statement to the effect that the references could be prior art under § 102(g), as defendants suggest with their primary argument. Accordingly, this is further evidence—this time straight from defendants themselves—demonstrating that the disputed references are not prior art under any plausible legal theory.

The issue of whether the disputed references should be subject to a motion in liminae barring defendants from even mentioning them at trial in the context of a "contemporaneous conception" theory is an issue for another day. For now, the issue is whether the references are prior art applicable under any recognized provision of 35 U.S.C. § 102. Because they are not, those references should be stricken from defendants' invalidity contentions so the parties can cease needlessly spending time, money, and effort litigating them as such, and so the jury is not subjected to prior art invalidity theories that have been repeatedly rejected by the Federal Circuit for more than 20 years.

## CONCLUSION

For the foregoing reasons, Fleming respectfully requests that the Court grant his motion to strike the disputed references as prior art from plaintiff's invalidity contentions for this case.

September 15, 2010 Respectfully Submitted

___/s/________________
Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP

5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)

Peter M. Midgley
midgley@zarianmidgley.com
Idaho Bar Number 6913
Zarian Midgley & Johnson, PLLC
960 Broadway Avenue
Suite 250
Boise, ID 83706
(208) 562-4900
(208) 562-4901 (facsimile)

Attorneys for Plaintiff Hoyt A. Fleming

Plaintiff's Reply In Support Of His Motion to Strike
Portions of Defendants' Invalidity Contentions (Dkt. No. 67)

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of September 2010, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Terry C. Copple
Alex P. McLaughlin
DAVISON, COPPLE, COLLE & COPPLE, LLP
Washington Mutual Capitol Plaza, Suite 600
199 North Capitol Boulevard
P.O. Box 1583
Boise, ID 83701
tccopple@davisoncopple.com
mclaughlin@davisoncopple.com

Brett A. Schatz
Gregory F. Ahrens
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
2700 Carew Tower
Cincinnati, OH 45202
bschatz@whepatent.com
gahrens@whepatent.com

/s/

Michael S. Dowler