IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>　　　　Defendants. | Case No. CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff Fleming alleges that defendants Escort and Beltronics (hereinafter collectively referred to as Escort) are infringing its patents on radar detectors. The parties have discovery disputes that the Court's staff attempted unsuccessfully to mediate. The Court has now reviewed the written material submitted by the parties and will resolve the disputes below.

# ANALYSIS

## Claim Contentions

Plaintiff Fleming seeks to compel defendant Escort to answer Interrogatory 3 that asks Escort to describe in detail its contentions that its products do not infringe the

**Memorandum Decision & Order - 1**

Fleming patents. More specifically, Interrogatory 3 asks Escort, for each of its radar detector products, (1) to provide a claim chart identifying "which elements of each Asserted Claim that is/are allegedly missing, and (2) describe "in detail the basis for [Escort's] contention that the element[s] is/are not present."

Escort refused to answer on the ground that the interrogatory was calling for an expert opinion that is not due until December 2, 2010, under the Court's Case Management Order (CMO). While the Court agrees that this interrogatory asks for expert opinion, it also asks for factual information. For example, Escort can describe the basic differences between its radar detectors and Fleming's – the essential differences in structure, function and/or operation – without waiting for a detailed expert opinion. This will allow Fleming to begin discovery on these factual matters immediately. At the same time, Escort is not precluded from amending its response and further expanding on its answer after it files its expert reports on December 2nd.

Escort also argues that while the CMO and Local Rules set deadlines for the early disclosure of Escort's invalidity contentions – an issue on which Escort bears the burden of proof – there is no provision for early disclosure of Escort's infringement contentions, an issue on which Fleming bears the burden of proof. In this argument, however, Escort conflates early disclosure with standard discovery. While Escort has no obligation to produce infringement contentions under the early disclosure provisions of the CMO and Local Rules, Fleming is not asking for early disclosure – Fleming is asking for a response to a standard discovery request. Just because an issue is not subject to early disclosure

**Memorandum Decision & Order - 2**

does not make it immune from standard discovery. Here, Escort seeks a declaratory judgment that its radar detectors are non-infringing. Under the standard discovery provisions of Rule 26(b), Escort's non-infringement contentions are discoverable.

Accordingly, the Court will order Escort to immediately answer Interrogatory 3.

**Source Code**

Fleming seeks the source code for Escort's allegedly infringing radar detectors. The CMO ordered that the source code be produced by Escort on July 2, 2009. Escort produced the source code, but portions of it were redacted. To explain the redactions, Escort filed the Declaration of Steven Orr, who developed the source code for Escort. Orr states that "[t]he redactions remove source code that relates only to [non-infringing Escort devices]," and that he is "not aware of any redactions to source code that relate to [allegedly infringing Escort devices]." *See Orr Declaration* at p. 2. Orr concludes that the "redacted portion cannot assist anyone in understanding the unredacted portions of the source code." *Id*. at p. 4.

Fleming responded by filing the Declaration of its expert, Dr. Douglas Schmidt, a professor of electrical engineering and computer science at Vanderbilt University. Dr. Schmidt explains that source code generally contains notes by the writer of that code "that explain to others who come later what the [writer] of the code was trying to accomplish at that portion of the code." *See Dr. Schmidt Declaration* at p. 3. Dr. Schmidt asserts that these comments can be "extremely helpful in understanding the

**Memorandum Decision & Order - 3**

code," *id*., and that the redactions "concern[] me because without seeing the redacted portions of the source code I cannot know for sure whether they would influence my correct understanding of the remaining (i.e. unredacted) portions of the code." *Id*. at p. 2. Dr. Schmidt concludes as follows: "I need and require access to an unredacted version of the source code in order to ensure that I fully understand the code that defendants have thus far produced." *Id*. at p. 4.

The dilemma here is one of Escort's own making. According to Escort's product development engineer Steven Orr, Escort bundles the source code for all its products together for "ease of software repairs," and is unable to produce only the source code related to certain products. *See Orr Declaration* at p. 2. Thus, Escort is compelled by its own business practices to produce source code for both infringing and non-infringing products.

Escort asks Fleming to take its word that the redactions all relate to non-infringing products. For a litigator – not unlike a country engaged in arms control negotiations – it is not unreasonable to take a position of "Trust but Verify." Fortunately, the parties have filed a Protective Order, approved by the Court, which permits such verification. *See Stipulated Protective Order (docket no. 35)*. It limits disclosure of certain items to counsel and experts. Thus, it grants protection to Escort while at the same time allows Fleming to verify Escort's claims that the redactions are unimportant. While the source code is obviously highly sensitive trade secret material, the Declaration of Dr. Schmidt persuades the Court that the redactions could be important, and the Protective Order

**Memorandum Decision & Order - 4**

assures the Court that Escort's secrets will be protected.

Accordingly, the Court will order Escort to provide immediately to Fleming, pursuant to the Protective Order protections, the source code without redactions.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort shall immediately (1) answer Fleming's Interrogatory 3; and (2) provide to Fleming, pursuant to Protective Order protections, the source code without redactions.



DATED: **September 24, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**