IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>    Defendants. | Case No. CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Fleming's motion to strike. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

Plaintiff Fleming claims in this lawsuit that defendants (collectively referred to as Escort) infringed Fleming's radar detector patents. In response, defendant Escort filed its Patent Invalidity Contentions listing references that Escort claims constitute prior art. In the present motion, Fleming seeks to strike eight references in Escort's Patent Invalidity Contentions on the ground that they were all filed after the date of Fleming's original patent application, April 14, 1999.

It is undisputed that each of the eight references – six patents and two patent publications – were filed after the application date of the original patent at issue here,

**Memorandum Decision & Order - 1**

April 14, 1999.  These references could constitute prior art under 35 U.S.C. § 102(e) only if filed before the date of the patent at issue.  *Sun Studs Inc. v. ATA Equip. Leasing, Inc.*, 872 F.2d 978 (Fed. Cir. 1989).  Escort offers no argument that the eight references could be prior art under 35 U.S.C. § 102(e), and indeed there is no argument to be made.

Escort argues instead that the references might have been conceived and reduced to practice before April 14, 1999, and, if so, would constitute prior art under 35 U.S.C. § 102(g).  Escort points out that discovery does not close until January 31, 2011, and that it is entitled to continue to seek facts to support its claim that the conception or reduction to practice for these eight references took place prior to April 14, 1999.

Fleming agrees with the general statement that activity conceived and reduced to practice prior to April 14, 1999, could constitute prior art under § 102(g).  Fleming argues, however, that Escort said nothing about conception or reduction to practice in listing the eight references in its Invalidity Contentions.  The mere listing of patents and patent publications, Fleming argues, must be stricken because they were filed after April 14, 1999.  While Fleming admits that this "analysis should not be read to say that there is no possibility of defendants developing evidence of a § 102(g) defense," *see Fleming's Reply Brief (Dkt. 76)* at p. 7, it argues that the references as now listed must be struck.

The Court agrees with Fleming.  Escort says nothing whatsoever about dates of conception or reduction to practice in its Invalidity Contentions, but merely lists patents or patent publications.  It is undisputed that these references must be filed before the patent at issue to be prior art.  Because the eight references were not filed before April 14,

**Memorandum Decision & Order - 2**

1999, they must be struck from the Invalidity Contentions.

Escort may discover facts during the discovery period relating to conception and reduction in practice that pre-date April 14, 1999. At that point, Escort may file a motion to amend its Invalidity Contentions, and the Court will resolve any objections by Fleming. *See Idaho Local Patent Rule 3-7* (stating that "[a]mendments to the . . . Invalidity Contentions may be made only by order of the Court upon a timely application and showing of good cause").

Escort's argument about the references being relevant to Escort's obviousness defense is irrelevant. Fleming has only moved to strike the prior art references, not the obviousness references.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike (docket no. 67) is GRANTED.

IT IS FURTHER ORDERED, that the following prior art references are struck from Escort's First Supplemental Invalidity Contentions (docket no. 65):

| Prior Art Reference No. | Filing Date |
| --- | --- |
| 1. 2003/0218562 | June 14, 1999 |
| 2. WO 00/77539 | June 14, 1999 |
| 3. 6,670,905 | June 14, 1999 |
| 4. 6,614,385 | June 14, 1999 |

**Memorandum Decision & Order - 3**

| | | |
|---|---|---|
| 5. | 6,384,776 | April 30, 1999 |
| 6. | 6,201,493 | May 28, 1999 |
| 7. | 6,118,403 | August 24, 1999 |
| 8. | 6,449,540 | September 25, 2000 |

DATED: **December 7, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge