IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| HOYT A. FLEMING, | |
|---|---|
| Plaintiff, | Case No. CV 09-105-S-BLW |
| v. | **MEMORANDUM DECISION** |
| ESCORT, INC. and BELTRONICS USA, INC., | |
| Defendants. | |

The Court's staff held a discovery conference with all counsel on this date. The defense raised an objection to the second deposition of the defense expert. In addition, the defense sought additional time to depose plaintiff's expert. Due to the need for an expedited decision, the parties agreed that the dispute could be presented to the Court for ruling. This decision will constitute the Court's ruling on the two issues.

**Second Deposition**

Local Rule 30.1 generally limits depositions to a single day of 7 hours. In this case, the first deposition of the defense expert lasted an entire day. Hence, a second deposition could not go forward without Court approval.

The first deposition was limited to claim construction issues to prepare for the *Markman* hearing. The second deposition will not cover that same ground but will explore the entirely different subjects of infringement and validity. Proceeding this way makes sense because it

**Memorandum Decision & Order - 1**

would be a waste of time to explore infringement and validity issues prior to the *Markman* hearing when it is not clear what the claims mean. For that reason, the Court will approve the second deposition of the defense expert.

**Defense Request for Equal Time**

Anticipating this ruling, defendants ask for equal time. Fairness would demand that defendants be granted the same leave to take a second deposition that the Court just granted to plaintiffs. But defendants are not seeking a second deposition; they did not take the deposition of plaintiff's expert prior to the *Markman* hearing. Instead, defendants ask for the same number of total hours to depose plaintiff's expert on infringement and validity issues that plaintiff expended deposing the defense expert on all issues (claim construction as well as infringement and validity). Fairness demands that the request be denied. Plaintiffs have no more than 1 day of 7 hours to explore issues of infringement and validity with the defense expert, and it would be unfair to unilaterally grant defendants any more time.

**Combining Discovery**

With these rulings, the Court will direct the parties to agree to combine the three depositions in Ohio, along with the inspection/demonstration, so that plaintiff's counsel is not required to make more than one trip there.

DATED: **December 17, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 2**