IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| HOYT A. FLEMING, | |
|---|---|
| Plaintiff, | Case No. CV 09-105-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ESCORT, INC. and BELTRONICS USA, INC., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Fleming alleges that defendants Escort and Beltronics (hereinafter collectively referred to as Escort) are infringing its patents on radar detectors. The parties have discovery disputes that the Court's staff attempted unsuccessfully to mediate on February 3, 2011. The parties agreed that the issues could be presented to this Court by letter brief for resolution, as time is of the essence. The Court will resolve the disputes below.

**ANALYSIS**

**Interrogatories 21 and 22**

Plaintiff Fleming propounded these two interrogatories to inquire into defendant Escort's prior invention defense, which asserts that Escort was the first to conceive of the patented device and was diligent in reducing it to practice. In these interrogatories, Fleming asks, as to both the conception and reduction to practice issues, the following

**Memorandum Decision & Order - 1**

questions: (1) The identity of each document showing prior conception and reduction to practice; (2) Where in each document each limitation of each claim is found; (3) The date of each document; and (4) Where in the document the evidence of its date can be found.

Escort answered question (1) listed above by producing the documents requested. The documents they produced relate to three persons that Escort claims were involved in the prior conception and reduction to practice: (1) Steve Orr; (2) John Kuhn; and (3) Greg Blair.

With regard to questions (3) and (4), Escort claims that the dates of the documents can be found in its responses to interrogatory 11 (at pages 3-8) and interrogatory 16 (at pages 7-9). Those responses are general in nature, however, and do not identify the dates of any particular documents. For example, in the response to interrogatory 11, Escort asserts that

> Mr. Orr undertook field testing at least during April and May 1996. In approximately April or May 1996, Mr. Orr undertook the effort of acquiring a PCMCIA GPS card to further his efforts to improve and perfect his work and inventions. In approximately April or May 1996, Mr. Orr actually acquired a PCMCIA GPS card from Rockwell, although the PCMCIA GPS card did not have all of the capabilities contemplated by Mr. Orr.

Fleming asks for the dates *of the documents* because those dates are not apparent from the face of the documents. Obviously, the dates of the documents are critical to the prior invention defense, that depends on Escort having conceived of the patented claims prior in time to Fleming. The Court cannot find in the record provided by Escort any identification of the dates of the documents provided, where those dates are not apparent

**Memorandum Decision & Order - 2**

from the face of the document. Thus, the interrogatory clearly asks for discoverable material and has not been answered.

Escort argues, however, that the material is too burdensome to provide. But under Rule 26(b)(2)(C)(iii), the Court will limit otherwise allowable discovery only when that burden "outweighs its likely benefit." Here, the dates of the documents are critical to Escort's defense, as explained above. Escort will be required at trial – or in response to a summary judgment motion – to date each document that it offers in support of its prior invention defense. *See Rule of Evidence 402* (stating in part that "[e]vidence which is not relevant is not admissible"). So the "burden" this interrogatory imposes is a mirage – Escort's duty to date each document exists apart from the interrogatory. Consequently, there is no burden to "outweigh" the benefit, and Escort cannot use Rule 26(b)(2)(C)(iii) to avoid answering the questions listed in (3) and (4) above, regarding dates.

The remaining issue regarding these two interrogatories concerns the part inquiring about where in each document each limitation of each claim is found. Escort answers by asserting that "[t]he entirety of each of those documents is where each limitation of each asserted claim is found."

While Escort has not invoked Rule 33(d) expressly, it is doing so by implication. It is basically producing the documents and telling Fleming that the answer to your question lies within them, without being any more specific. That is a proper response under Rule 33(d) for data contained in business records where the burden of deriving the answer is substantially the same for either party. *See Rule 33(d).* Hence, Rule 33(d)

**Memorandum Decision & Order - 3**

applies to fact interrogatories, but courts have consistently held that it cannot be used with respect to contention interrogatories. *Hypertherm, Inc. v. American Torch Tip Co.*, 2008 WL 5423833, *3–*4 (D.N.H. 2008*); In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49–50 (N.D.N.Y. 1997). That makes sense because the legal contentions of a party are not contained in old business records, and so must be explained by counsel in an answer to an interrogatory. That portion of interrogatories 21 and 22 that asks where in each document is each limitation for each claim is a contention interrogatory – it is asking which portions of the document support Escort's legal contention of prior invention. And those legal contentions cannot be found in the documents but must be pointed out by counsel.

At trial – or at summary judgment – Escort cannot just submit a document and claim generally that each limitation of each claim is contained therein without specifically explaining what language supports what limitation. So the burden of answering this interrogatory is again a mirage because Escort must provide this information anyway.

Accordingly, the Court will compel Escort to fully answer interrogatories 21 and 22.

**Requests for Admission**

Fleming has propounded 216 requests for admission (RFA) to Escort. Escort claims that is excessive.

There is no limit on RFAs in either Rule 36 or the Court's Local Patent Rules. However, many other courts have limited RFAs to 25. *See Murray v U.S.*, Case No. 08-CV-15147, 2010 WL 3464914 (E.D. Mich. Sept. 1, 2010). In *Murray*, the court found

**Memorandum Decision & Order - 4**

that 182 RFAs were unduly burdensome.

Fleming argues, however, that it decided to forego taking two depositions (of Kuhn and Blair) in favor of using the much cheaper alternative of RFAs. Many of the RFAs, however, are directed to matters concerning Orr who was deposed, and so there are no savings to be found there. When the RFAs pertaining only to Kuhn and Blair are counted, they are 75 in number.

The Court finds that 216 RFAs are excessive. Fleming does have a laudable goal, however, of saving money, and so the Court will require Escort to answer those RFAs that were propounded instead of taking depositions – that means that Escort must answer the 75 RFAs pertaining solely to Kuhn and Blair.

**<u>Dispositive Motion Deadline</u>**

Fleming has filed a motion to strike Escort's patent invalidity contentions. Specifically, Fleming claims in its motion that Escort added 286 new invalidity contentions through their experts' reports, although the Court has ruled that no further contentions may be made in this case.

The motion to strike was fully briefed on January 27, 2011. If that motion is not ruled on before the summary judgment deadline – February 28, 2011 – Fleming must address the 286 new invalidity contentions in its summary judgment briefing. To avoid this, Fleming asks the Court to either rule on the motion in advance of February 28, 2011, or to extend the discovery deadline by a few weeks.

The Court will attempt to rule on the motion to strike by February 18, 2011. If that

**Memorandum Decision & Order - 5**

becomes impossible, the Court will revisit the matter at that time.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort fully answer interrogatories 21 and 22.

IT IS FURTHER ORDERED, that Escort answer the 75 RFAs pertaining solely to Kuhn and Blair.



DATED: **February 13, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge