IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| HOYT A. FLEMING, | |
|---|---|
| Plaintiff, | Case No. CV 09-105-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ESCORT, INC. and BELTRONICS USA, INC., | |
| Defendants. | |

# INTRODUCTION

The Court has before it Escort's motion to clarify and/or amend its patent invalidity contentions, and Fleming's motion to strike 286 new invalidity contentions made by Escort. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny Escort's motion and grant Fleming's motion in large part.

# LITIGATION BACKGROUND

The cross-motions raise issues about the nature and timeliness of defendant Escort's patent invalidity contentions. After the filing of this case – in which plaintiff Fleming alleges that defendants (collectively referred to as Escort) infringed Fleming's radar detector patents – the Court issued a Case Management Order (CMO). Consistent with the Local Patent Rules, the CMO set up a schedule that included a deadline for Escort to identify its patent invalidity contentions by July 2, 2009. *See Case Management Order*

**Memorandum Decision & Order - 1**

*(Dkt. 19); see also Local Patent Rule 3.3.* Escort met this deadline, and then on August 5, 2010, filed amended contentions based on counsels' stipulation and the Court's approval. *See First Supplemental Patent Invalidity Contentions (Dkt. 65).*

The Court set a schedule for the disclosure of experts to be completed by mid-December of 2010, and set a discovery deadline of January 31, 2011. Escort timely filed the report of its expert Dr. Grindon in early December of 2010.

About three weeks later, Fleming filed his motion to strike, now before the Court, alleging that Dr. Grindon added 286 new patent invalidity contentions almost 18 months after the deadline for invalidity contentions of July 2, 2009. In its response, Escort denies that Dr. Grindon added any new contentions, but in the alternative seeks leave to amend its invalidity contentions to add any of Dr. Grindon's opinions that are deemed new. *See Escort Response Brief (Dkt. 94)* at n. 4, p. 10.

In addition, Escort has filed a separate motion to clarify or amend its invalidity contentions to allow it (1) to rely on the Martin and Silverman patents (patents '776 and '493) as rendering Fleming's claims obvious, and (2) to rely on the Rayner U.S. Patent Application, filed on July 9, 1998, as anticipatory prior art.

The Court will resolve both motions after reviewing the governing legal standards.

## LEGAL STANDARDS

Both motions turn largely on the level of detail required for patent invalidity contentions and the standard for amending those contentions. The required detail is set forth in Local Patent Rule 3.3. It requires that invalidity contentions contain, among

**Memorandum Decision & Order - 2**

other things, (1) a detailed identification of each item of prior art, (2) a statement of whether "each item of prior art anticipates each asserted claim or renders it obvious," (3) if obviousness is alleged, "an explanation of why the prior art renders the asserted claim obvious . . . ," and (4) a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found . . . ."

This District's Local Patent Rules were adopted from those governing patent litigation in the Northern District of California. The court there described the purpose of those Rules, and the statement applies with equal strength in this District:

> The Patent Local Rules were adopted by this District in order to give claim charts more "bite." The Rules were designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.

*Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1122-23 (N.D. Cal. 2006). To implement this "bite," the Local Patent Rules require that the invalidity contentions may only be amended "by order of the Court upon a timely application and showing of good cause." *See Local Patent Rule 3.7.*

## ANALYSIS

### Martin & Silverman Patents

In its motion to clarify/amend, Escort seeks a ruling allowing it to use the Martin and Silverman patents to show that Fleming's device was too obvious to be patented. Fleming responds that Escort's Patent Invalidity Contentions only listed these two patents as prior art – not as supporting an obviousness defense – and that the Court rejected both patents as prior art in a prior decision. *See Memorandum Decision (Dkt. 87).* In that decision, the Court struck both

**Memorandum Decision & Order - 3**

the Martin and Silverman patents from Escort's prior art defense because both patents were filed after the date of Fleming's original patent application and hence could not have anticipated Fleming's patents. *Id.*

Escort recognizes that decision but argues that it using the patents not as prior art but rather to show obviousness. Specifically, Escort points to the conclusion of its expert, Dr. Grindon, that the two patents are evidence of what was known around the time of Fleming's patent applications, and show that certain claims of Fleming's patents were obvious to those of ordinary skill in the art. *See Exhibit B (Dkt. 88-2) at pp. 40, 50-51.*

None of this, however, is set forth in Escort's Invalidity Contentions. Local Patent Rule 3.3(b) requires that the Invalidity Contentions "shall contain" the following information: "If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combination of prior art showing obviousness."

The only explanation contained in Escort's Invalidity Contentions is as follows:

> Additionally, to the extent that any of the references identified above in Section I [the prior art references including the Martin and Silverman patents] is found not to anticipate each element of each asserted claim, Escort contends that the asserted claims are obvious in light of such references, including in light of other anticipatory references.

*See First Supplemental Patent Invalidity Contentions (Dkt. 65) at p. 5.*

This bare-bones allegation is completely insufficient under Local Patent Rule 3.3(b), quoted above. A simple comparison with Dr. Grindon's report shows that his analysis was not mentioned in any way in the Invalidity Contentions. Instead, Fleming had to wait for almost 18 months after the deadline for Invalidity Contentions had passed before learning of Dr. Grindon's new theory of obviousness. The Court will therefore deny Escort's motion to clarify/amend to

**Memorandum Decision & Order - 4**

the extent it seeks permission to use the Martin and Silverman patents as part of Escort's obviousness defense.

**<u>Rayner Patent Application</u>**

Escort seeks to use the Rayner patent application in its prior art defense. In the Court's earlier order, referred to above, the Court struck the Rayner patent from Escort's prior art defense because the patent itself was not obtained until after Fleming's original patent application was filed on April 14, 1999, and so could not constitute prior art. *See Memorandum Decision, supra*. Escort had argued that even if the Rayner patent was not issued until after the Fleming patent application, the Rayner patent could still be prior art if its references were conceived and reduced to practice prior to April 14, 1999. Escort pointed out that discovery was still ongoing and that it should be allowed to seek facts to support its claim that conception and reduction to practice took place prior to April 14, 1999.

The Court disagreed in part. Because Escort's Invalidity Contentions claimed as prior art certain patents (including the Rayner patent) filed after Fleming's application and said nothing about conception and reduction to practice, the Court struck those patents from the prior art defense. At the same time, the Court noted that because discovery was still ongoing, Escort could file a motion to amend its patent invalidity contentions if it "discover[ed] facts during the discovery period relating to conception and reduction to practice that pre-date April 14, 1999 [the date of Fleming's original patent application]." *Id*. at p. 3.

Escort now claims that it has discovered facts that should allow it to amend its Invalidity Contentions. It seeks to add not the Rayner patent but the Rayner patent application as prior art. The Rayner patent application was filed on July 9, 1998, prior to the filing date of Fleming's

**Memorandum Decision & Order - 5**

application on April 14, 1999. Escort claims that it did not realize that the Rayner application was prior art until its expert Dr. Grindon filed his report on December 2, 2010. One of Dr. Grindon's conclusions is that the Rayner patent application constitutes prior art.

The Court finds that Escort has not carried its burden of showing good cause under Local Patent Rule 3.7 to be allowed to amend its Invalidity Contentions at this late date. That Rule contains as an example of good cause the "recent discovery of material prior art despite earlier diligent search." *See Local Patent Rule 3.7(b)*. Here, there is no dispute that Escort was aware of the Rayner patent application all along, but was unaware of its legal significance until Dr. Grindon rendered his opinion. If those circumstances warrant extending the deadline for invalidity contentions, that deadline essentially disappears from the Local Rules, merges with the deadline for expert reports, and destroys the intent of the Local Rules, which is to have experts opine on a fixed set of claims and defenses, not announce new claims and defenses.

Escort argues that Fleming knew all along about the Rayner application, and hence suffers no prejudice, because the Rayner application was referred to on the face of the Rayner patent. But knowing about a reference is much different than knowing that your opponent will claim the reference as prior art. The whole point behind the strict detail required of invalidity contentions in Local Rule 3.3, discussed above, is to require defendants to gather and identify prior art early-on so that plaintiffs will have a fair chance of rebuttal. That Rule makes it obvious to defendants like Escort that they cannot rely on a plaintiff's mere knowledge of a reference.

For all of these reasons, the Court will deny Escort's motion to the extent it seeks to add the Rayner patent application to its prior art defense.

**Memorandum Decision & Order - 6**

**Fleming's Motion to Strike**

Fleming identifies with specificity 286 references in Dr. Grindon's report that allegedly make new patent invalidity contentions not contained in Escort's earlier filings. If that is true, the 286 references would be untimely because they were filed almost 18 months after the deadline for invalidity contentions.

Escort objects, arguing that "[a]ccording to Fleming's argument, expert reports would have to track verbatim Patent Invalidity Contentions." *See Escort Response Brief (Dkt. 94)* at p. 7. To the extent Escort is arguing that experts should be allowed to announce new invalidity contentions, that were not contained in a timely filing under Local Patent Rule 3.3, the Court has rejected that argument above.

Escort argues that many of Dr. Grindon's references were well-known to Fleming, and that Dr. Grindon "simply opined that certain references render certain claims obvious, as opposed to anticipating those claims as set forth in Escort's Patent Invalidity Contentions." *Id*. at p. 6. In other instances, Escort argues, Dr. Grindon "came to the conclusion that certain references anticipated certain claims, as opposed to rendering those same claims obvious as set forth in Escort's Patent Invalidity Contentions." *Id*. This is another version of Escort's argument, rejected above, that if Fleming knows something, he must be held to know all. Escort's argument is refuted by Local Patent Rule 3.3's requirement of a detailed and comprehensive listing of invalidity contentions early in the case.

Escort argues that "Fleming identifies no prejudice with regard to Dr. Grindon's expert opinions," *Id*. at p. 3, but the burden is on Escort to establish a lack of prejudice. *See Local Patent Rule 3.7*. Escort cannot carry that burden. If Escort is allowed to add the 286 invalidity

Memorandum Decision & Order - 7

contentions contained in Dr. Grindon's report, Fleming would be entitled to a fair opportunity to counter them, requiring further delay in both discovery and trial. The prejudice to a plaintiff of delaying the trial is self-evident. To show a lack of prejudice, Escort must show that Fleming – knowing of Dr. Grindon's substantial expansion of defenses – would not have altered his strategy in discovery and expert selection. Escort does not even attempt to make that argument.

Escort is more persuasive arguing that it is entitled to keep its reference to the '881 patent application because it intends to use that reference only to prove inequitable conduct, a defense that Escort argues is not required to be listed in the Invalidity Contentions. It does appear from Dr. Grindon's report that his opinion referencing the '881 patent is limited to inequitable conduct. *See Exhibit C (Dkt. 98-3)* at p. 293 (referring to the '881 patent and concluding that "it is my opinion that many of the claims of [Fleming's patents] are invalid based on this information that was not disclosed [to the U.S. Patent Office]"). Nevertheless, Dr. Grindon's lengthy report has many nuances that might escape the Court's attention. Thus, the Court relies heavily on Escort's representations that it is not using the '881 patent for anything other than to show inequitable conduct.

Inequitable conduct is usually referred to as an "unenforceability" defense rather than an "invalidity" defense, and most local rules do not require disclosure of unenforceability contentions. *See Jensen, Patent Local Rules – A Summary & Comparison,* 1038 PLI/Pat 405 (March, 2011). Following that pattern, Local Patent Rule 3.3 does not expressly apply to unenforceability contentions generally, or inequitable conduct specifically, but refers only to invalidity contentions. Hence, the Court holds that to the extent Escort seeks to use the '881 patent to prove its inequitable conduct defense, this decision will not affect that assertion.

**Memorandum Decision & Order - 8**

Escort also argues that Fleming improperly includes in his motion Dr. Grindon's references to Fleming's Invention Disclosures. Those Disclosures were not mentioned in Escort's Invalidity Contentions in any manner. Escort responds that it does not intend to use these references to argue invalidity. *See Escort Response Brief (Dkt. 94)* at p. 8. Hence, Escort should not object to the Court clearing up any potential confusion by striking those references only to the extent they might be used to support any invalidity contention.

Finally, Escort argues that Fleming improperly includes in his motion Dr. Grindon's opinions with respect to the indefiniteness of Claims 18 and 23 of the '038 patent. Escort asserts that it included these references in its Invalidity Contentions.

Escort's Invalidity Contentions say nothing about Claim 18 being indefinite. Dr. Grindon's report challenges Claim 18 for failing to contain a "reasonable meaning," and for failing to "notify the public of the scope of the claims or the patent owner's right to exclude." *See Exhibit C (Dkt. 98-3)* at ¶ 1159, p. 301. These references to Claim 18, not contained in the Invalidity Contentions, cannot be used by Escort as part of its invalidity defense.

With regard to Claim 23, Escort's Invalidity Contentions do assert that the following terms "are indefinite as being vague and/or subject to multiple interpretations:" (1) "predetermined distance;" (3) "predetermined frequency range;" and (4) "predetermined radar frequency." Dr. Grindon's report goes further and asserts that Claim 23 is "inconsistent with the specification and Fig. 3 in particular." *Id*. Figure 3 of the '038 patent is a flow chart depicting one method of operating the radar detector.

Escort's Invalidity Contentions say nothing about Claim 23 of the '038 patent being inconsistent with the specifications or with figure 3 of the patent. Hence, this aspect of Dr.

**Memorandum Decision & Order - 9**

Grindon's report cannot be used by Escort.

Escort does not make any further response to Fleming's charge that Dr. Grindon attempts to add 286 new invalidity contentions to the case. For the reasons expressed above, the Court will grant Fleming's motion to strike those new invalidity contentions except for the references to the '881 patent that Escort agrees will be used only to support its inequitable conduct defense.

**Escort's Request to Amend**

In its response to Fleming's motion to strike the 286 references in Dr. Grindon's report, Escort sought leave to amend its invalidity contentions to add any of Dr. Grindon's opinions that are deemed new. *See Escort Response Brief (Dkt. 94)* at n. 4, p. 10. The Court denies this request on the ground that Escort has failed to carry its burden under Local Patent Rule 3.7 to show good cause.

**Conclusion**

For the reasons expressed above, the Court will (1) deny Escort's motion to clarify/amend; (2) grant in large part Fleming's motion to strike, except for the references to the '881 patent being used solely as part of Escort's inequitable conduct defense; and (3) deny Escort's "motion to amend" that was not filed as a separate motion but was instead made as an alternative request in response to Fleming's motion to strike.

With regard to Fleming's motion to strike, Fleming sought to strike 286 new invalidity contentions in the tables set forth in pages 12 through 15 of Fleming's brief. *See Fleming Brief (Dkt. 91)* at pp. 12-15. The Court has granted that motion in all respects except for Fleming's challenge to the '881 patent, which accounted for 31 of those 286 challenged references. Accordingly, the Court will strike 255 references (286 minus 31).

**Memorandum Decision & Order - 10**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort's motion to clarify/amend (docket no. 88) is DENIED.

IT IS FURTHER ORDERED, that Fleming's motion to strike (docket no. 91) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to strike the 255 references constituting new patent invalidity contentions contained in the report of Dr. Grindon, and described more fully above. It is denied with regard to the 31 references concerning the '881 patent in Dr. Grindon's report that will be used by Escort only as part of its inequitable conduct defense.

IT IS FURTHER ORDERED, that Escort's motion to amend, made not by separate motion but by a request set forth in a brief, as described more fully above, is DENIED.

DATED: **April 21, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court