IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| HOYT A. FLEMING, | |
|---|---|
| Plaintiff, | Case No. CV 09-105-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ESCORT, INC. and BELTRONICS USA, INC., | |
| Defendants. | |

# INTRODUCTION

The Court has before it Escort's motion for reconsideration. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

# LEGAL STANDARD

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely

**Memorandum Decision & Order - 1**

expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981) (Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

Escort argues that its motion to reconsider falls within the third category because the Court committed a clear error in its decision striking as late-filed some 255 patent invalidity contentions from the report of Escort's expert, Dr. Grindon. Escort argues that certain items stricken by the Court were actually contained in its timely-filed Patent Invalidity Contentions. More specifically, Escort lists 38 computer files that it claims

**Memorandum Decision & Order - 2**

were listed in a description of a prior art reference known as "Orr's Prior Invention."

The Court's earlier decision dealt with many issues, and the particular issues raised here by Escort regarding the 38 computer files were not raised in this level of detail by Escort's briefing, and hence were not addressed in the prior decision. The Court will now turn to a specific examination of the 38 computer files at issue in this motion to reconsider.

In Escort's Invalidity Contentions, Escort identified as prior art the invention of Steven Orr, and referred to it as "Orr's Prior Invention." Orr connected his laptop computer to his radar detector, and used a computer program to collect and store false positive warnings from the radar detector as he drove around to various locations. In the Invalidity Contentions, Escort claimed that "Orr's Prior Invention" "teaches a method for collecting field data from a radar detector, so that data could be stored from each radar encounter of the detector . . . ." Escort attached to its Invalidity Contentions the Declaration of Orr, who stated that prior to Fleming's invention, he (Orr) had "created a family of tools" that consisted in part of various computer files that would run on his laptop computer to collect data from his radar detector as he drove around in various areas. Escort claims that these computer files – dated prior to Fleming's invention – show that Orr's invention was prior in time to Fleming's.

Orr attached to his declaration a list of those computer files that he claims demonstrate that his invention constitutes prior art. Escort attached this list – along with Orr's declaration – to its Invalidity Contentions. Escort's expert, Dr. Grindon, relies on

**Memorandum Decision & Order - 3**

those computer files in rendering his opinions that "Orr's Prior Invention" constitutes prior art.

In its motion to reconsider, Escort claims that the Court's earlier decision striking 255 prior art references by Dr. Grindon, not contained in Escort's Invalidity Contentions, cannot apply to the 38 computer files listed by Escort in its motion to reconsider and relied upon by Dr. Grindon, because those 38 files were identified in the Invalidity Contentions. Those 38 computer files are as follows:

CLIFCMI.XLS
CLIFTON.XLS
CMICIN.XLS
F1.ZIP
F2.ZIP
F3.ZIP
F4.ZIP
F5.ZIP
F6.ZIP
F7.ZIP
F8.ZIP
F9.ZIP
F10.ZIP
HOME.XLS
PICNIC.XLS
RAIN.XLS
ROAD.ZIP
TOWRK.425.XLS
TWOROUTE.XLS
WORK.XLS
BAS.ZIP
RDWIDE.bas
tst4600k.bas
Graph2.bas
Road22.bas
Road23.bas
Road24.bas

**Memorandum Decision & Order - 4**

Road24a.bas
F1x.dat through F10x.dat

*See Escort Brief (Dkt. 126)* at p. 3. Escort represents that "[e]ach of the computer files listed above, and relied upon by Dr. Grindon in his expert report, appear in the list of computer files included in Escort's Invalidity Contentions." *Id.*

In fact, however, 17 of the computer files listed above cannot be found under those names in the list attached to Orr's Declaration: (1) RDWIDE.bas; (2) tst4600k; (3) Graph2.bas; (4) Road22.bas; (5) Road23.bas; (6) Road24.bas; (7) Road24a.bas; and (8-17) F1x.dat through F10x.dat. While these 17 files were not called out by name in Orr's Declaration or list, there were hints in his Declaration that they existed. For example, Orr states in his Declaration (that accompanied the Invalidity Contentions) that "[e]mbedded within each ZIP file [referring to F1.ZIP through F10.ZIP] is a number of data files with a .DAT extension, each containing radar spectral information collected from radar encounters . . . ." *See Orr Declaration* at ¶ 6, p. 2. That gave some notice to Fleming that the ZIP files, named in Orr's list, contained embedded files with a .dat extension that contained radar spectral information collected by Orr.

Similarly, Orr's Declaration hints that more important files might be found within listed files BAS.ZIP, ROAD.ZIP, and MAKE.ZIP. These three files, Orr stated in his Declaration, "contain compressed versions of BASIC programs that I used in collection of field data from a radar detector." *See Orr Declaration* at ¶ 5, p. 2. That gives some notice to Fleming that these three ZIP files may contain embedded files with a .bas

**Memorandum Decision & Order - 5**

extension.

In fact, we find out now – from a Declaration of Orr signed May 2, 2011 – that indeed there were files critical to the prior art analysis of Dr. Grindon embedded within the files listed by Orr, and learn for the first time the names of those files. For example, files Road22. bas, Road23.bas, Road24.bas, Road 24a.bas, and RDWIDE.bas were embedded in the BAS.ZIP file, and files F1x.dat through F10x.dat were embedded in F1.ZIP through F10.ZIP. *See Declaration of Orr (Dkt. 126-4)* at p. 4.[1] Dr. Grindon relies on all of these embedded files in rendering his opinion that Orr's Prior Invention constitutes prior art.

As the Court previously held, Local Patent Rule 3.3 requires that Invalidity Contentions contain "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found . . . ." The chart Escort prepared for its Invalidity Contentions did not contain any mention of the 17 files listed above. While the 17 files are embedded in files that were identified in Orr's original list, that fact was not disclosed in Escort's Invalidity Contentions and was merely hinted at in the attached Declaration of Orr. There was no way Fleming could read Escort's Invalidity Contentions and (1) understand that Escort was claiming the 17 computer files as prior art

---

[1] Similarly, Orr explains that (1) tst4600k.bas is a file that is the combination of Road24.bas and RDWIDE.bas, both of which (as explained above) were embedded in BAS.ZIP, a file named in Orr's original list, and (2) Graph2.bas. "is a slightly modified version of file tst4600k.bas that is comprised of approximately 95% of file tst.4600k.bas." *Id.* These files are part of the 17 files evaluated above and subject to the same analysis.

and (2) understand how each of the 17 computer files related to each limitation of each claim of Fleming's patents.

Escort argues, however, that it provided the computer files and their source code to Fleming by making them available for inspection during discovery. But this Court has already rejected that argument in its prior decision:

> [K]nowing about a reference is much different than knowing that your opponent will claim the reference as prior art. The whole point behind the strict detail required of invalidity contentions in Local Rule 3.3, discussed above, is to require defendants to gather and identify prior art early-on so that plaintiffs will have a fair chance of rebuttal. That Rule makes it obvious to defendants like Escort that they cannot rely on a plaintiff's mere knowledge of a reference.

*See Memorandum Decision (Dkt. 117)* at p. 6. Accordingly, the Court denies the motion to reconsider as to the 17 computer files: (1) RDWIDE.bas; (2) tst4600k; (3) Graph2.bas; (4) Road22.bas; (5) Road23.bas; (6) Road24.bas; (7) Road24a.bas; and (8-17) F1x.dat through F10x.dat.

With regard to the remaining 21 computer files, Escort correctly notes that they were identified in Orr's original list, attached to his Declaration that was in turn attached to Escort's Patent Invalidity Contentions. Some of those 21 files are referenced in the detailed chart accompanying Escort's Invalidity Contentions in compliance with Local Patent Rule 3.3. For example, certain portions of that chart refer to paragraph 12 of Orr's Declaration that discusses Orr's creation and use of Excel computer files that are identified on his attached list as those files ending with the extension .XLS. There are 9 such files: CLIFCMI.XLS; CLIFTON.XLS; CMICIN.XLS; HOME.XLS; PICNIC.XLS;

**Memorandum Decision & Order - 7**

RAIN.XLS; TOWRK.425.XLS; TWOROUTE.XLS; and WORK.XLS. Because these files were referenced in Escort's Invalidity Contentions as required by Local Rule 3.3, the Court finds that they are not subject to the Court's earlier decision to strike the 255 references.

That leaves 12 remaining files: F1.ZIP through F10.ZIP; ROAD.ZIP; and BAS.ZIP. Unlike the Excel computer files discussed above, these computer files were not referenced in Escort's chart accompanying its Invalidity Contentions. Fleming had no way of knowing how these 12 files related in any way to the limitations and claims of the patents in dispute until Dr. Grindon filed his expert report. That is precisely what Local Patent Rule 3.3 seeks to avoid. Accordingly, the Court will deny the motion to reconsider as to these 12 computer files: F1.ZIP through F10.ZIP; ROAD.ZIP; and BAS.ZIP.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort's motion to reconsider (docket no. 126) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to allow Dr. Grindon to rely on the following computer files in rendering his opinion on prior art: CLIFCMI.XLS; CLIFTON.XLS; CMICIN.XLS; HOME.XLS; PICNIC.XLS; RAIN.XLS; TOWRK.425.XLS; TWOROUTE.XLS; and WORK.XLS. It is denied to the extent it seeks to allow Dr. Grindon to rely on the following computer files in rendering his opinion on prior art: F1.ZIP through F10.ZIP; ROAD.ZIP; BAS.ZIP; RDWIDE.bas; tst4600k; Graph2.bas; Road22.bas; Road23.bas;

Road24.bas; Road24a.bas; and F1x.dat through F10x.dat.



DATED: **June 2, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - 9**