IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>    Defendants. | Case No. CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Escort's motion to strike certain expert reports of the plaintiff Fleming, and a cross-motion by Fleming to strike an expert report of Escort's. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## ANALYSIS

Plaintiff Fleming alleges that defendant Escort infringed its patents on radar detection devices. On August 2, 2010, shortly after the *Markman* decision was issued, the Court filed a Case Management Order (CMO). The CMO set the following deadlines for the disclosure of expert witnesses and their reports:

> <u>Disclosure of Experts</u>: The Plaintiff shall disclose the experts intended to be called at trial on or before November 2, 2010. The Defendant shall disclose the experts intended to be called at trial on or before December 2, 2010. All rebuttal experts shall be identified on or before December 16, 2010.
> <u>Rules Governing Disclosure of Expert Witnesses</u>: Within the deadlines for the

**Memorandum Decision & Order - 1**

> disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1), keeping in mind the Court's admonition about not moving the dispositive motion deadline set forth earlier in this Order. Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

*See CMO (Dkt. 64)* at p. 4. Plaintiff Fleming filed the report of his expert Dr. Chris Gregory Bartone by the deadline of November 2, 2010. Defendant Escort filed the report of its expert Dr. Grindon by the deadline of December 2, 2010. Plaintiff Fleming then filed a rebuttal report by Dr. Bartone – addressing issues raised by Escort's expert Dr. Grindon – by the deadline of December 16, 2010.

Escort argues in its motion that Fleming had no right to file the rebuttal report of Dr. Bartone, because he addressed only issues on which Escort bore the burden of proof and discussed for the first time in Dr. Grindon's report. Escort argues that true rebuttal is limited to issues raised in Dr. Bartone's original report that were challenged by Dr. Grindon. In its cross-motion, Fleming argues that Escort should have filed the report of Dr. Grindon on November 2, 2010, because Escort bore the burden of proof on issues discussed by Dr. Grindon.

In fact, both sides complied with the deadlines set forth in the Court's CMO. Under those deadlines, Fleming would file its expert reports first. Escort would file its expert reports. Finally, in a round of rebuttal reports, both parties could rebut the reports of the other.

That is precisely what both parties did, and the Court can find no deficiency in their filings. The Court does not agree with Escort's reading of Rule 26 that the filing of expert reports is governed by the burdens of proof. Rule 26(a)(2)(D)(ii) states that a party may disclose

**Memorandum Decision & Order - 2**

expert testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) . . . ." Rule 26(a)(2)(B) governs the initial expert report. Neither provision – that is, neither the provision governing initial expert reports nor that governing rebuttal reports – says anything about linking filing deadlines to burdens of proof.

Thus, there is nothing in Rule 26 that condemns the filing of either party here. It is true that Local Patent Rule 5.2 gives the Court authority to tie the expert disclosure deadlines to the party with the burden of proof on an issue. The Court notes that in subsequent cases it has followed Patent Local Rule 5.2, and that the Rule represents the better practice. But that Rule was obviously not followed in this CMO, and it is the CMO that governs this litigation.

Escort appears to also be arguing that Dr. Bartone's report went beyond pure rebuttal and announced new expert opinions. But Escort provides no detail on where those new opinions occur in the rebuttal report. A review of the 49-page report shows that Dr. Bartone consistently described Dr. Grindon's opinions and then rebutted them, the proper function of a rebuttal expert report under Rule 26.

For all of these reasons, the Court will deny both motions.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to strike (docket nos. 101 & 107) be DENIED.



DATED:  **July 22, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**