IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>        Plaintiff,<br><br>    v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>        Defendants. | Case No.  1:CV 09-105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to exclude filed by plaintiff Fleming. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion and exclude any evidence of the '721 patent from this case.

## LITIGATION BACKGROUND

The '721 patent issued to Steven Orr on August 16, 2011, about 7 months after discovery closed. Escort provided the patent to Fleming in a supplemental discovery response because Fleming had earlier requested all patents held by Steven Orr that Escort intended to use at trial. Escort did not, however, explain how it intended to use the '721 patent at trial, despite Fleming's requests.

During a trial setting conference, Fleming asked this Court to order that Escort identify the relevance of the '721 patent or commit to not using the patent at trial. Escort

Memorandum Decision & Order - 1

objected, claiming that Fleming's request sought work product.  The Court disagreed.  In its Order setting trial, the Court rejected Escort's work product defense.  *See Order (Dkt. No. 172).*  While finding that the late production of the '721 patent was justified by its late issuance, the Court held that "the defendant cannot use that late production to obtain an advantage by concealing how it intends to use the patent at trial until the pretrial submissions are filed on the eve of trial.  That promotes trial by ambush."  *Id.* at p. 7.  The Court explained that it could give full consideration to the admissibility of the '721 patent only after reviewing all the briefing on a motion to exclude, and that the Court would resolve the issue prior to trial if it received the briefing early enough.

Fleming responded by filing a motion to exclude the '721 patent on the ground that it was irrelevant.  Escort responded that the '721 patent is relevant to damages because the patent covers portions of the allegedly infringing products "and therefore informs the trier of fact that the profit realized from the products accused of infringement is derived from Escort's own intellectual property, not that of Fleming."  *See Escort Brief (Dkt. No. 180)* at p. 1.  In support of this, Escort files the Declarations of Thomas Humphrey, John Kuhn, and the previously-submitted report of its damage expert Vincent Thomas.  Fleming objected to the Declarations of Humphrey and Kuhn, arguing that they contain expert opinions and that Escort is ignoring the fact that the deadline for the submission of such opinions expired long ago.

The Court turns first to the expert report of Vincent Thomas, submitted by Escort within the deadline imposed for expert reports.  In his report, Thomas offers an opinion

**Memorandum Decision & Order - 2**

about calculating a reasonable royalty due to Fleming if Escort's products are found to be infringing. *See Exhibit C (Dkt. No. 180-3).* One factor he examines is the profit Escort has made on the infringing products. *Id*. at p. 14. To arrive at a reasonable royalty figure, Thomas asserts, Escort's profit must be reduced by that portion of the profit attributable to features of the Escort products that are not covered by Fleming's patents. *Id*. at p. 15. For example, Thomas points to a feature known as the Database, which Escort alleges is not covered by Fleming's patents. The Database is offered on two of Escort's devices and contains the location of known red-light cameras, fixed speed-monitoring cameras, and speed trap locations. *Id*. at p. 14, n. 56. Thomas asserts that because the Database is a very popular feature, and not covered by Fleming's patents, the profit attributable to the Database must not be considered in arriving at a reasonable royalty figure. *Id*. at 15.

With the issuance of the '721 patent, Escort argues that its features such as the Database are not only outside the reach of the Fleming patents but now covered by Escort's '721 patent. This establishes the relevance of the '721 patent, Escort argues, because it is entitled to a credit in the reasonable royalty calculation to the extent of its profits attributable to features covered by the '721 patent.

Under Escort's argument, the relevance of the '721 patent is based entirely on the premise that it covers certain features of Escort's products at issue. In support of this point, Escort submits Declarations from Thomas Humphrey and John Kuhn. Humphrey is a patent attorney with the law firm representing Escort and was involved in the prosecution of the original patent application – the '147 patent application – that was

**Memorandum Decision & Order - 3**

eventually issued as the '721 patent. *See Humphrey Declaration (Dkt. No. 180-1)* at pp. 1-2. He offers his opinion that the '721 patent covers certain portions of Escort's products, including the Database. *Id.* at p. 3. John Kuhn, Escort's Vice President of Engineering, offers a similar opinion.

Fleming objects to the opinions of Humphrey and Kuhn, arguing that these are expert opinions offered long after the deadline expired. Escort responds that Humphrey and Kuhn are merely testifying as to facts rather than offering expert opinions.[1]

Both Humphrey and Kuhn offer their opinion on how to interpret the claims of the '721 patent. Commenting on opinions offered by patent attorneys like Humphrey, the Federal Circuit has "noted the impropriety of patent lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide." *Endress & Hauser, Inc. v. Hawk Measurement Systems Pty. Ltd.,* 122 F.3d 1040 (Fed.Cir. 1997). With regard to Kuhn, who is not an attorney, his claim construction opinion is nevertheless a legal opinion rather than a factual recitation.

Ultimately, under Escort's argument, the '721 patent is only relevant and admissible if its claims are construed to cover certain features of the Escort products, such as the Database, which would affect the calculation of a reasonable royalty. Thus, to find the '721 patent relevant, the Court must make a *Markman* inquiry and interpret the claims

---

[1] The Court will grant Escort's motion to file a sur-reply brief, and did consider it in this decision.

**Memorandum Decision & Order - 4**

of the '721 patent.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (holding that claim construction was question of law for the court and a threshold inquiry in infringement action).  This would require reopening discovery more than a year after it closed, and would result in a substantial delay of the trial, now just weeks away.  When the Court set this trial date – in an Order filed January 19, 2012 – the Court stated that "any further extension of the trial date is unacceptable.  This is a standard patent infringement action that will be over three years old at the time of trial and no further delays will be allowed."  *See Order (Dkt. No. 172)*.

In addition to causing additional delay, the admission of the '721 patent would add little to the reasonable royalty analysis.  Escort raised – in the timely report of Thomas – the argument that Escort should get a credit in the reasonable royalty calculation for profits attributable to features that fell outside of Flemings' patents.   Authority for this credit is well-established in Federal Circuit case law that considers, in calculating a reasonable royalty, "[t]he portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." *Lucent Technologies, Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1331 (Fed.Cir. 2009).  While this requires Escort to show that features like the Database are not covered by Fleming's patent, it imposes no additional requirement on Escort to also show that it has a separate patent on the features.

Thus, the '721 patent is of marginal relevance to the reasonable royalty issue and

**Memorandum Decision & Order - 5**

would cause a substantial delay in a trial that has already suffered substantial delays. Under Rule of Evidence 403, the Court may exclude evidence if its probative value is substantially outweighed by a danger of undue delay. That is the case here, and the Court will therefore grant Fleming's motion to exclude the '721 patent. The Court will deny Fleming's request for attorney fees.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort's motion to file sur-reply brief (docket no. 184) is GRANTED.

IT IS FURTHER ORDERED, that plaintiff's motion to exclude defendants' use of the '721 patent at trial (docket no. 174) is GRANTED.

IT IS FURTHER ORDERED, that plaintiff's request for attorney fees is DENIED.

DATED:  May 18, 2012

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge