IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | |
| Plaintiff, | Case No.  CV 09-105-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ESCORT, INC. and BELTRONICS USA, INC., | |
| Defendants. | |

## INTRODUCTION

The Court has before it Fleming's third motion to strike Escort's invalidity contentions. The motion is fully briefed and at issue.  For the reasons explained below, the Court will grant the motion in part, striking Escort's defenses based on (1) the Murakami patent application H9-27096, either by itself or in combination with the Ross '884 patent, as anticipating claims 8, 23, 25, and 26 of Fleming's '038 patent; (2) Orr's Prior Invention in combination with Murakami; and (3) Lang's '403 patent in combination with Orr or Murakami.  The motion will be denied in all other respects.

## BACKGROUND

Fleming has sued Escort for infringing two of Fleming's patents: (1) the '038 patent, and (2) the '653 patent.  The Court issued a summary judgment decision, leaving some issues for a trial that is set for June 14, 2012.

In early 2012, Fleming had produced to Escort a list of the issues that Fleming intended to prove at trial, but Escort did not respond with its own list.  To avoid a trial by ambush, the

**Memorandum Decision & Order - 1**

Court, on February 17, 2012, ordered Escort to submit a list of issues on which they bear the burden of proof at trial.  Escort filed that list, stating that they intended to argue that various patents, and combinations of patents, rendered Fleming's patents invalid.  *See List of Issues (Dkt. No. 181).*  Fleming responded with this motion to strike, arguing that Escort is barred from raising some of these issues.  The Court will review each of Fleming's objections.

**Murakami Reference**

Fleming asserts that Escort's *List of Issues* shows Escort's intent to argue at trial that the Murakami patent application anticipated Fleming's '038 patent, claims 23, 25 and 26, and that a combination of Murakami and the Ross '884 patent anticipated Fleming's '038 patent, claim 8.  The Court has previously held that the Murakami reference did not anticipate claims 1, 3, and 5-8 of the '038 patent.  *See Memorandum Decision (Dkt. No. 169).*[1]  While the Court's decision did not deal specifically with claims 23, 25, and 26, of the '038 patent, it nevertheless applied to them because those claims are dependent claims from claim 1, a claim the decision referenced expressly.  Fleming adds that it makes no difference that Escort is combining the Murakami reference with other references, and asserts that if the Murakami reference itself cannot be used with regard to those claims, it also cannot be used in combination with other references.

Escort agrees[2], and the Court will so order.

**The Orr/Murakami Combination**

---

[1]  The Court denied summary judgment on Escort's defense that Murakami anticipates claim 18 of the '038 patent (and claims 22 & 38 of the '653 patent), finding issues of fact.  *Id.*

[2]  Escort notes that it never intended to argue at trial that Murakami/Ross anticipated claim 8 of the '038 patent.

**Memorandum Decision & Order - 2**

Escort intends to argue at trial that the combination of Orr's prior invention and Murakami's references invalidate Fleming's patents. *See List of Issues (Dkt. No. 181).* Yet the Court, in an earlier decision, struck the Orr/Murakami combination from the case on the ground that it was disclosed too late by Escort. *See Memorandum Decision (Dkt. No. 117).*

Escort argues that the Court's ruling was partially reconsidered with regard to the Orr prior invention – a point discussed further below – and that by allowing a portion of the Orr prior invention to be used at trial, the Court should also allow back in the Orr/Murakami combination. But the Court's ruling on the Orr prior invention was entirely separate from, and had no effect on, the Court's ruling on the Orr/Murakami combination. The Orr/Murakami combination was disclosed too late, and that conclusion is not altered in any way by the Court's finding that a portion of Orr's prior invention remains in the case.

Escort argues next that it did disclose the Orr/Murakami combination in a timely manner. For example, Escort cites charts attached to its Invalidity Contentions that, Escort argues, put Fleming on notice that it would claim that the Orr/Murakami combination renders obvious certain claims of Fleming's patents. The Court rejected this argument earlier, *see Memorandum Decision (Dkt. No. 117)*, and does so again. Escort's Invalidity Contentions fail to describe what Escort now wants to raise at trial – that the Orr/Murakami combination renders Fleming's patents obvious. The examples Escort cites do not contain a single reference to an Orr/Murakami combination. Instead, they assert the obviousness defense based on a combination of a primary reference in combination with numerous secondary references. For example, one chart attached to Escort's Invalidity Contentions claims that Fleming's '038 patent is obvious based on a primary reference to the Henderson patent "in combination with" eight

**Memorandum Decision & Order - 3**

other secondary references: (1) Orr Publication; (2) Orr's prior invention; (3) Murakami patent application; (4) Henry patent; (5) Martin patent; (6) Silverman patent; (7) Thakker patent, "and/or" (8) Orr international publication.  *See Exhibit 17 (Dkt. No. 65-17).*  Another chart also claims the '038 patent is obvious based on a primary reference to the Ryan patent "in combination with" the same eight secondary references.  *See Exhibit 16 (Dkt. No. 65-16).*

None of these charts attached to Escort's Invalidity Contentions have as a primary reference either Orr's Prior Invention or Murakami.  None of the charts put Fleming on notice that Escort would argue that a combination of Orr and Murakami rendered the '038 patent obvious.

The Invalidity Contentions have a critical purpose that this Court has examined in a prior decision.  *See Memorandum Decision (Dkt. No. 117).*  There, the Court noted that it adopted its Local Rules from the Northern District of California, and cited that court's description of the purpose of those Rules: "The Patent Local Rules were adopted by this District in order to give claim charts more 'bite.'  The Rules were designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.,* 417 F.Supp.2d 1121, 1122-23 (N.D. Cal. 2006).

This purpose is not served when Escort claims that various combinations of primary references with eight separate secondary references render a patent obvious, but then selects, just prior to trial, a certain subset of two of the secondary references to pursue at trial.  It is true that Escort put the tag line "and/or" just prior to its ninth reference.  But that only signals that Escort might use the primary reference with any one of the secondary references.  Because Escort never

**Memorandum Decision & Order - 4**

named Orr's Prior Invention or Murakami as a primary reference, the "and/or" tag does nothing to notify Fleming that Escort might try to combine two of the secondary references, Orr and Murakami.  To allow Escort to use Orr/Murakami would sanction trial by ambush.  And that defeats the entire purpose of Local Rule 3.3, which is to "crystallize [Escort's] theories of the case early in the litigation *and adhere to those theories once they have been disclosed*."  *Id.* (emphasis added).  The Court therefore rejects Escort's argument that the Orr/Murakami combination was adequately disclosed in the Invalidity Contentions.

Finally, Escort argues that Fleming has failed to show prejudice from having to respond at this late date.  The Court has previously rejected that argument, holding that it is Escort's burden to show a lack of prejudice, not Fleming's burden to show prejudice, and that Escort has not carried that burden:  "To show a lack of prejudice, Escort must show that Fleming – knowing of [Escort's] substantial expansion of defenses – would not have altered his strategy in discovery and expert selection.  Escort does not even attempt to make that argument."  *See Memorandum Decision (Dkt. No. 117)* at p. 8.

For all of these reasons, the Court will strike any reference to the Orr/Murakami combination.

**Lang Patent**

Escort contends that the combination of the Lang and Orr references ("Lang/Orr"), as well as the combination of the Lang and Murakami references ("Lang/Murakami"), are "Prior Art" combinations that invalidate '038 patent claims 1, 8, 18, 26, and '653 patent claim 24.  *See List of Issues (Dkt. No. 181).*  The Court, however, struck Escort's defense that the Lang patent was prior art because it was not filed prior in time to the Fleming patent.  *See Memorandum*

**Memorandum Decision & Order - 5**

*Decision (Dkt. No. 87).*  Hence, the Lang patent cannot be used as part of a prior art defense in combination with Orr and Murakami.

Escort responds that even if Lang cannot be used as prior art, it can be used as evidence of obviousness.  Escort cites authority from the Federal Circuit holding that "near-simultaneous invention" is evidence of obviousness, *see, e.g., Ecolochem, Inc. v. Southern California Edison Co.,* 227 F.3d 1361, 1379 (Fed.Cir. 2000), and argues that even if the Lang patent was filed after Fleming's patents, it can still be used as evidence to support an obviousness defense.

There is authority that generally contemporaneous and independent completion of the invention by another is some evidence that the invention was not beyond the reach of those of ordinary skill in the art and was hence obvious.  *See 3 Pat. L. Fundamentals* § 12:45 (2d ed. 2012).  It is Escort's burden to demonstrate obviousness by clear and convincing evidence.  *In re Cyclobenzaprine Hydrochloride Extended Release Capsule Patent,* 2006 WL 1320225 (Fed.Cir. April 16, 2012).  As the Court discussed above, Escort was required to explain in detail this defense in its Invalidity Contentions under Local Patent Rule 3.3.

This requirement of Local Rule 3.3 was not met here, argues Fleming.  In support, Fleming cites a prior decision in this case where the Court rejected Escort's attempt to use the Martin and Silverman patents in the same manner as it now attempts to use the Lang patent.  *See Memorandum Decision (Dkt. No. 117).*  As background to that decision, the Court had held earlier that the Martin and Silverman patents could not be used as prior art because neither was filed prior in time to Fleming's patent.  *See Memorandum Decision (Dkt. No. 87).*  Escort responded that it should nevertheless be allowed to use the two patents as evidence of obviousness.  The Court rejected that argument, finding that Escort had failed to put Fleming on

**Memorandum Decision & Order - 6**

timely notice that it would be using the two patents in an obviousness defense not based on their status as prior art.  More specifically, the Court found that in Escort's Invalidity Contentions, Escort had made only a passing reference to using the two patents as evidence of obviousness, and failed to explain the defense in the detail required by Local Patent Rule 3.3(b).  Accordingly, the Court rejected Escort's argument that it could use the Martin and Silverman patents as evidence of obviousness.  *See Memorandum Decision (Dkt. No. 117).*

Turning now to the present dispute over the Lang patent, the Court must review what Escort disclosed in its Invalidity Contentions.  Those Contentions contained charts identifying Lang as a primary reference, and alleging that Lang "in combination with" Orr and Murakami, among others, rendered Fleming's patents obvious.  *See Exhibits 19 & 29 (Dkt. Nos. 65-19 & 65-29).*  While the chart contained a lengthy explanation of that obviousness defense, it was based entirely on the premise that the published disclosures of those patents rendered Fleming's patent's obvious.  Given that Lang was filed after Fleming's patents – and that the Court has struck Lang as a prior art reference for that reason – an obviousness defense based on published disclosures can no longer be pursued.

Instead, Escort intends to argue at trial that other inventors were discovering Fleming's invention around the same time that Fleming discovered his invention, and hence his invention was obvious – that is, it was obvious to persons of ordinary skill in the art.  That defense is not explained by Escort in its Invalidity Contentions; that document says nothing about the circumstances and timing of other inventions contemporaneous with Fleming's invention that would render his invention obvious.  For example, even though the Lang patent is cited, and its published contents discussed at length, there is no discussion about the circumstances and timing

**Memorandum Decision & Order - 7**

surrounding the invention disclosed in the Lang patent.  By focusing entirely on the argument

that published portions of the Lang patent rendered Fleming's patents obvious, Escort's

Invalidity Contentions failed to put Fleming on notice that Escort would argue that the

circumstances and timing of the invention behind Lang, by itself or in combination with Orr and

Murakami, rendered Fleming obvious even if Lang was not prior art.

Accordingly, Lang must be treated the same as Martin and Silverman:  The Court will

strike Escort's defense based on Lang/Orr or Lang/Murakami.  *See Local Patent Rule 3.3.*

**Orr Prior Invention Defense**

Fleming seeks to strike any reference to Escort's defense knows as Orr's Prior Invention.

Escort raised this defense in its Invalidity Contentions, arguing that Fleming's patents were

invalid because Steven Orr invented the device before Fleming.

In those Invalidity Contentions, Escort described how Orr connected his computer to his

radar detector, and used a computer program to collect and store false positive warnings from the

radar detector as he drove around to various locations.  Escort claimed that Orr's Prior Invention

"teaches a method for collecting field data from a radar detector, so that data could be stored

from each radar encounter of the detector . . . ."  Escort attached to its Invalidity Contentions the

Declaration of Steven Orr, who stated that prior to Fleming's invention, he (Orr) had "created a

family of tools" that consisted in part of various computer files that would run on his laptop

computer to collect data from his radar detector as he drove around in various areas.  Escort

claims that these computer files – dated prior to Fleming's invention – show that Orr's invention

was prior in time to Fleming's.

Escort's Invalidity Contentions identified 9 such computer files with the appropriate

**Memorandum Decision & Order - 8**

detail required by Local Rule 3.3.  *See Memorandum Decision (Dkt. No. 150).*  Much later, however, Escort's expert, Dr. Grindon, identified 38 such computer files.  Finding this disclosure to be too late, the Court struck any reference to computer files other than the 9 files that were properly disclosed in Escort's Invalidity Contentions.  *Id.*

Thus, Orr's Prior Invention defense now consists of the testimony of Steven Orr that he invented the device first, and the 9 computer files that Escort offers to corroborate Orr's testimony.  Fleming argues that this defense is insufficient as a matter of law because Escort has never explained how the information contained in the 9 computer files covers each limitation of each claim of Fleming's two patents.

To establish its defense of prior invention, Escort must prove, by clear and convincing evidence, that "(1) it reduced its invention to practice first . . . or (2) it was the first party to conceive of the invention and then exercised reasonable diligence in reducing that invention to practice." *Teva v. AstraZeneca, 661 F.3d 1378, 1383 (Fed. Cir. 2011)* (quotations omitted); 35 U.S.C. § 102(g)(2).  The conception and reduction to practice must include every feature or limitation of Fleming's patents.  *See Slip Track Systems, Inc. v. Metal-Lite, Inc., 304 F.3d 1256, 1262-62 (Fed.Cir. 2002).*

Orr's testimony alone is insufficient to prove conception and reduction to practice; some form of corroboration must be shown.  *Lazare Kaplan Intern., Inc. v. Photoscribe Technologies, Inc., 628 F.3d 1359, 1374 (Fed.Cir. 2010).*  This requirement "stems from the suspect nature of oral testimony concerning invalidating events." *Id.*  As the Supreme Court noted more than a century ago, the "unsatisfactory character" of such testimony "aris[es] from the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them

**Memorandum Decision & Order - 9**

would have them recollect them, aside from the temptation to actual perjury . . . ." *The Barbed Wire Patent*, 143 U.S. 275, 284 (1892).

Although an inventor's oral testimony asserted to invalidate a patent must be corroborated, the Federal Circuit has "not impose[d] an impossible standard of 'independence' on corroborative evidence by requiring that every point . . . be corroborated by evidence having a source totally independent of the [witness]." *Lazare*, 628 F.3d at 1374 (quotation omitted). Rather, the Federal Circuit applies a "rule of reason" analysis to determine whether the testimony introduced has been sufficiently corroborated. *Id.* Under this analysis, the court evaluates all of the pertinent evidence "so that a sound determination of the credibility of the [witness's] story may be reached." *Id.* (quoting *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed.Cir.1993)).

Thus, Escort's ultimate burden is to show by clear and convincing evidence that Orr's Prior Invention covers each limitation of each claim of Fleming's patents. Escort will attempt to carry this burden through the testimony of Steven Orr. It is his testimony, in combination with the corroborating evidence, that must demonstrate how his prior invention covered each limitation of each claim of Fleming's patents. However, Fleming cites no case holding that the corroborating evidence itself – the 9 computer files considered separately from Orr's testimony – must cover each limitation of each claim of the patents at issue. The corroborating evidence is examined to determine the credibility of the witness, not to independently establish the claim. Indeed, the cases cited above hold that whether Orr's testimony is sufficiently corroborated depends on a "rule of reason," that evaluates all the evidence that might bear on Orr's credibility.

Thus, Escort's failure to describe in its Invalidity Contentions how the 9 computer files

**Memorandum Decision & Order - 10**

cover each limitation of each claim of Fleming's patents is not fatal to their use as corroborating evidence of Orr's testimony on prior invention.  Whether the 9 computer files are sufficient to corroborate Orr's testimony under a "rule of reason" is a question for trial – credibility matters cannot be decided on a cold record.  The Court will therefore deny Fleming's motion to strike any reference to Orr's Prior Invention and the combinations of  Orr/Hoffberg, Orr/Ross, Orr/Orr 007, Orr/Valentine, and Orr/Henderson.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Fleming's motion to strike (docket no. 187) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to strike Escort's defenses based on (1) the Murakami patent application H9-27096, either by itself or in combination with the Ross '884 patent, as anticipating claims 8, 23, 25, and 26 of Fleming's '038 patent; (2) Orr's Prior Invention in combination with Murakami; and (3) Lang's '403 patent in combination with Orr or Murakami.  The motion is denied in all other respects.

DATED:  **May 23, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge