IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>       Plaintiff,<br><br>    v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>       Defendants. | Case No.  1:09-CV-105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The parties held a telephone conference with the Court's Law Clerk, and requested two points of clarification which were submitted to me for review.  I discuss those issues below.

**Demonstrative Exhibits**

The parties request clarification regarding the deadline for submitting demonstrative exhibits.  In the order setting trial, I set a deadline for the exchange of "all trial exhibits" and "all exhibit lists" by May 7, 2012.  *See Order Setting Trial (Dkt. No. 172)* at p. 2.  I did not intend for that deadline to include the exchange of demonstrative exhibits.  Later, in its Pretrial Order, I directed counsel to provide a list of witness and the demonstrative exhibits they will use 36 hours in advance of their testimony.  *See Pretrial Order (Dkt. No. 237)*.  That was the deadline I intended for demonstrative exhibits.  Thus, I will not exclude demonstrative exhibits that were not exchanged on May 7, 2012.

**Memorandum Decision & Order - 1**

Escort makes a persuasive argument that if a witness is going to use an involved demonstrative exhibit – like an animation or complex chart – the 36-hour rule gives very little time to develop any response.  Fleming agrees and suggest increasing the time.  I agree and will direct counsel to provide demonstratives by no later than 5:00 p.m. three business days before their intended use.  For example, a party expecting to use a demonstrative with a witness on a Thursday morning at 8:30 a.m. must have provided that demonstrative to opposing counsel the previous Monday by 5:00 p.m.   And a party expecting to use a demonstrative with a witness on a Monday morning must have provided that demonstrative to opposing counsel the previous Wednesday by 5:00 p.m.

**Exhibit Objections**

In its Pretrial Order, I required that "[a]t least one week before trial, counsel will provide the Court with (1) a list of trial exhibits which have not been agreed upon, (2) the basis for the objection, and (3) the response to those objections." *Id*. at p. 1.  Fleming requests that the Court order the parties to exchange a list of all objections they have to their opponent's exhibits before holding a conference on the trial exhibits.  While this advance knowledge would be helpful, the lists will likely be a mere repetitive listing of technical objections.  The better course may be that suggested by Escort's counsel, involving a "horse-trading" session where objections are bartered for concessions.  Ultimately, Escort's counsel recommended that I not direct the parties but simply hold to the original deadline set in the Pretrial Order, however that is accomplished.  I agree.

**ORDER**

**Memorandum Decision & Order - 2**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Pretrial Order (docket no. 237) is AMENDED, so that a party is required to provide a list of the demonstrative exhibits they intend to use at trial to the opposing party by 5:00 p.m. three business days in advance of the time they intend to use those demonstrative exhibits at trial.



DATED:  **June 4, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**