IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>            Plaintiff,<br><br>      v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>            Defendants. | Case No.  1:CV 09-105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it 11 motions in limine.  The motions are fully briefed and at issue.  For the reasons explained below, the Court will deny all 11 motions.

### ANALYSIS

**(1)   Motion to Preclude Plaintiff From Confusing Jury About Pre-Complaint Conduct (Dkt. No. 198);**
**(2)   Motion to Preclude Plaintiff From Telling Jury About Purported Notice of Alleged Infringement (Dkt. No. 199);**
**(3)   Motion to Preclude Plaintiff From Confusing Jury About Post-Complaint Conduct (Dkt. No. 200)**

Escort has filed three motions seeking to exclude evidence of wilfulness.  The first and second motions seek to exclude evidence of wilfulness prior to this suit being filed on the ground that Fleming gave no pre-trial notice to Escort that it was allegedly infringing.  The third motion seeks to exclude evidence of wilfulness pertaining to events after this suit was filed because Fleming failed to seek injunctive relief at the time Fleming filed

Memorandum Decision & Order - 1

this action.

With regard to the first two motions, Escort concedes that the lack of pre-trial notice is not determinative because the focus of the wilfulness inquiry is on Escort's objective knowledge, whether formal notice was given or not. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors*, 617 F.3d 1296 (Fed. Cir. 2010).[1] Escort argues, however, that Fleming's only contention regarding Escort's prior knowledge was that "Escort copied clams from [Fleming's] ['798] patent into their own patent applications." *See Fleming's Second Amended Infringement Contentions (Dkt. No. 236-Exhibit B)* at pp. 4-5. The '798 patent was the original patent filed by Fleming; the two patents at issue here are reissue patents, reissued from the '798 patent after Fleming surrendered the '798 patent to the Patent and Trademark Office.

Escort argues that evidence it copied the '798 patent is irrelevant on the wilfulness issue because the only two patents at issue here are the '038 and '635 patents. But Escort cites no authority to back that argument. Copying the "ideas or design of another" is one important factor in determining wilfulness. *See Spectralytics, Inc. v. Cordis Corp*, 649 F.3d 1336, 1348 (Fed.Cir. 2011). It appears that certain claims of the '798 patent were carried forward into the '038 patent. If Escort copied claims from the '798 patent that were later carried forward into the '038 patent would such evidence be relevant to

---

[1] The patent owner "must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Transocean,* 617 F.3d at 1312. "This objective standard is a threshold. Once met, the patentee must show that the infringer knew or should have known of the objectively high risk." *Id.*

**Memorandum Decision & Order - 2**

whether Escort willfully infringed the '038 patent, at least after February of 2008, when Escort admits it became aware of the '038 patent? *See Exhibit 28 (Defendants' Second Supp. Response to Fleming Interrogatory) (Dkt. No. 151-12)* at no. 8 (wherein Escort admits that it became aware of the '038 patent in February of 2008).

It might be – the very question seems to answer itself. But the Court is reluctant to rule either way when neither party has cited any authority to answer the question. Accordingly, the Court will reject Escort's argument that the copying is irrelevant, without prejudice to Escort's right to raise this issue again with the proper citation of authority.

Escort urges the Court to rule that Fleming cannot introduce any evidence on the wilfulness issue (beyond the copying of the '798 patent) that relates to Escort's knowledge prior to the lawsuit being filed because Fleming failed to include any such contention in its Infringement Contentions. The Court disagrees. In its Infringement Contentions, Fleming asserted that Escort's infringement of the '038 and '653 patents was wilful, and that Escort was "aware of the '038 and '653 patents on the dates those patents were issued, [Escort] understood that those claims covered their products, and [Escort] acknowledged the validity and enforceability of those claims." *See Second Amended Infringement Contentions (Dkt. No. 236-2)* at p. 4. The '038 patent was issued on March 28, 2006, about 3 years before this suit was filed. By alleging in his Infringement Contentions that Escort became aware of the '038 patent on the date that patent was issued, Fleming was asserting that Escort knew of the '038 patent three years

**Memorandum Decision & Order - 3**

before this suit was filed.  Indeed, Escort admitted that it learned of the '038 patent in February of 2008, more than a year before this suit was filed.  *See Exhibit 28 (Defendants' Second Supp. Response to Fleming Interrogatory) (Dkt. No. 151-12)* at no. 8.

Thus, at least with regard to the '038 patent, Fleming has made sufficient allegations in its Infringement Contentions that Escort knew of the patent before suit was filed, understood that its products were covered by the patent's claims, and yet nevertheless continued to sell their products, all during a time prior to the filing of this lawsuit.  Thus, Escort was put on proper notice that its knowledge prior to the suit being filed would be used by Fleming to support its claim of wilful infringement.  Consequently, the Court rejects Escort's argument that Fleming cannot introduce any evidence beyond the copying of the '798 patent that relates to pre-lawsuit wilfulness.

Escort also seeks to preclude Fleming from offering any evidence of Escort's wilfulness after the lawsuit was filed on the ground that Fleming failed to seek an injunction when the lawsuit was filed.  This motion goes to one part of Fleming's wilfulness claim: "One of the centerpieces of Mr. Fleming's willful infringement charge is that defendants did nothing to change their commercial/infringing behavior after the Court entered summary judgment that they infringe claims 18, 45, 47, and 48 in the '038 patents."  *See Fleming Response Brief (Dkt. No. 228)* at p. 10.

This sort of post-filing conduct can be the basis for a wilfulness claim.  *See In re Seagate Technology, LLC.*, 497 F.3d 1360, 1374 (Fed.Cir. 2007).  That case held that

**Memorandum Decision & Order - 4**

"when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement." *Id.* A patentee who does not attempt to stop an accused infringer's activities in this manner "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.*

On May 3, 2011, a date two years after the filing date of this suit, and about 2 weeks after the filing date of the Court's ruling striking Escort's defenses to certain patent claims, Fleming filed a motion to enjoin Escort's sales, among other things. *See Fleming's Motion for Judgment and Injunction (Dkt. No. 130).* Shortly thereafter, the parties started briefing cross-motions for summary judgment, and the Court bundled the motions together for resolution. On December 14, 2011, the Court entered its summary judgment decision finding, among other things, that (1) Escort was infringing certain claims of the '038 patent, and (2) questions of fact precluded summary judgment on some of Escort's invalidity defenses. *See Memorandum Decision (Dkt. No. 169).* In that same decision, the Court denied Fleming's motion for injunctive relief, finding it precluded by questions of fact on Escort's invalidity defenses. *Id*. at p. 52.

As stated above, one of Fleming's main wilfulness claims is that Escort did not stop selling devices that the Court found infringing in its decision issued December 14, 2011. Because Fleming had sought injunctive relief 7 months before the Court issued its summary judgment decision, the cases cited by Escort holding that the failure to seek injunctive relief precludes a finding of wilfulness are not applicable.

**Memorandum Decision & Order - 5**

Escort argues, however, that the Court denied that injunctive relief, showing conclusively that Escort's continued sales are not "reckless" as required by *Seagate*. In that decision, the Federal Circuit stated that *"if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness [required for wilfulness]." Seagate,* 497 F.3d at 1374. The Circuit went on to hold that "[a] substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct." *Id*.

While the denial of the injunction is one factor to consider, it is not determinative. *See Powell v. Home Depot U.S.A., Inc.,* 663 F.3d 1221, 1237 (Fed. Cir. 2011). In *Powell,* the jury's finding of wilfulness was upheld based on a totality of the evidence, despite the district court's earlier denial of injunctive relief to the patentee. *Id*. Thus, the denial of injunctive relief does not automatically, as a matter of law, entitle Escort to dismissal of the wilfulness charge.

Escort argues that even if it is not entitled to a dismissal simply because Fleming's request for injunctive relief was denied, Fleming has failed to come forward with any evidence that Escort was reckless. But this Court denied summary judgment on that issue, finding that it "could not determine from a bare record whether Escort was acting reasonably in an objective sense – that will depend on the full elaboration of the grounds for Escort's defenses that will unfold during trial." *See Memorandum Decision (Dkt. No. 169)* at pp. 49-51. The Court can find no reason to reconsider that decision.

**Memorandum Decision & Order - 6**

Finally, Escort argues that Fleming failed to mention in its Infringement Contentions the argument it is now making that Escort wilfully infringed by continuing to sell its products even after the Court's summary judgment decision found that Escort was infringing claims of the '038 patent. This failure, Escort argues, should preclude Fleming from making this argument. The Court disagrees. The ground for this claim of wilfulness did not arise until the Court issued its summary judgment decision on December 14, 2011, well-past the deadline for the filing of Infringement Contentions. *Seagate* held that grounds for wilfulness could arise after the lawsuit was filed. *Seagate*, 497 F.3d at 1374. The Court cannot find merit in Escort's argument.

For all of these reasons, the Court will deny the three motions in limine directed at this claim of wilfulness.

## Motion to Preclude Plaintiff from Telling Jury About Presumption of Validity (Dkt. No. 202)

Escort asks the Court to preclude Fleming's counsel from arguing to the jury that the patents are presumed valid. Escort argues that it is enough to tell the jury that it has the burden of proving patent invalidity by clear and convincing evidence, and that it would confuse the jury to go further and inform them that this higher burden is due to the statutory presumption that the patents are valid.

In support of this argument, Escort cites *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247 (Fed. Cir. 2004). There, the Federal Circuit held that the district court was not required to instruct the jury that a patent is presumed valid. *Id*. at 1258-59. The Federal

**Memorandum Decision & Order - 7**

Circuit rejected appellant's argument that the district court erred by instructing on the burden of proving invalidity while not explaining that the burden was higher because the patents were presumed valid: "[T]he presumption of validity and heightened burden of proving invalidity are . . . different expressions of the same thing – a single hurdle to be cleared." *Id*. at 1259 (citations omitted). The Federal Circuit also reasoned that "the presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against the challenger's evidence." *Id*. at 1258-59 (citations omitted).

While *Chiron* holds that it is not error to avoid mentioning the statutory presumption, no case holds that it is error to allow counsel to argue – or the Court to instruct – that the patents are presumed valid. Indeed, the Ninth Circuit has affirmed an instruction on the statutory presumption. *Handgards Inc. v. Ethicon Inc.,* 743 F.2d 1282, 1292-93 (9th Cir. 1984).

So it appears that this Court has the discretion to go either way. Escort points out that the District Court for the Northern District of California – the District from which this Court adopted its Local Patent Rules – has a model patent jury instruction that contains no reference to the statutory presumption of a patent's validity. *See Model Patent Jury Instructions for the Northern District of California* at § 4.1 (2011). This lack of reference to the statutory presumption dates back at least to the 2004 Model Patent Jury Instructions. *See 2004 Edition*.[2]

Yet the preface to these Model Instructions notes that they are merely "models and

---

[2] Available at http://www.innsofcourt.org/Content/InnContent.aspx?Id=893.

**Memorandum Decision & Order - 8**

are not intended to be used without tailoring." *Model Patent Jury Instructions* (2011), *supra* at p. I.  And at least one court in the Northern District is tailoring its instructions to explain why the defendant has a higher burden of proving invalidity defenses.  *See Volterra Semiconductor Corp. v. Primarion, Inc.,* 2011 WL 4079223 (N.D.Cal. 2011).  In that case, in post-trial motions, the defendant complained that the jury was improperly instructed on the statutory presumption, and cited *Chiron*.  The court rejected the argument, explaining that the jury instruction "did not present the presumption of validity as a separate hurdle that must be met in addition to the clear and convincing standard.  Rather, [the instruction] explained that the clear and convincing standard 'is used because a patent is entitled to a statutory presumption of validity until it is proven invalid by clear and convincing evidence.'" *Id.* at *10.

The *Volterra* court promoted understanding, not confusion, by explaining that the burden of proof flows from the statutory presumption.  By identifying the source of a potential stumbling point for the jury – an unequal burden of proof – the court prevented them from tripping over it during deliberations.  To instruct the jury on Escort's burden of proof without explaining why it is more demanding than Fleming's burden could cause jurors to overlook the different wording of the burdens and treat them both the same.

For all of these reasons, the Court will deny Escort's motion in limine to preclude Fleming from mentioning the statutory presumption of patent validity to the jury.

**(1)** **Motion to Preclude Plaintiff from Presenting New Infringement Contentions Under the Doctrine of Equivalents (Dkt. No. 201);**
**(2)** **Motion to Preclude Expert Testimony Regarding Matters Not Included in**

**Memorandum Decision & Order - 9**

**Plaintiff's Technical Expert Reports (Dkt. No. 203)**

In two separate motions, Escort seeks to (1) preclude Fleming from using the doctrine of equivalents to prove infringement, and (2) exclude testimony from Fleming's expert Dr. Chris Bartone on the issue of the doctrine of equivalents, and other matters. Escort recognizes that the Court earlier denied it summary judgment on Fleming's doctrine of equivalents claims because (1) Fleming's expert, Dr. Bartone, had mentioned the doctrine of equivalents in his report, and (2) Fleming had represented that it was not going to argue the doctrine in its case-in-chief. *See Memorandum Decision (Dkt. No. 169)*. Escort now argues that a closer look at Dr. Bartone's report will reveal that he mentioned the doctrine only in the most general terms, and that the law precludes Fleming from raising the doctrine for the first time on rebuttal.

The doctrine of equivalents prevents a party from making insubstantial changes to a patented product to avoid an infringement charge. To trigger the doctrine, Fleming has the burden of proving "by particularized testimony" that Escort's product "performs substantially the same function in substantially the same way to obtain the same result" as an element of the patented invention. *American Calcar, Inc. v. American Honda Motor Co., Inc.*, 651 F.3d 1318, 1338 (Fed.Cir. 2011). "Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed.Cir.1996).

The doctrine of equivalents typically arises in a case when the party accused of

**Memorandum Decision & Order - 10**

infringement reveals that one of its defenses is that its products operate differently than the patented product.  In response, the patentee's expert must explain – in the detail required by *Texas Instruments* cited above – why the differences, if any, are insubstantial.

While Fleming must prove that the doctrine is applicable, the doctrine is essentially one of rebuttal.  Fleming is alleging literal infringement and so did not need to pursue a claim under the doctrine of equivalents until Escort claimed that its products operated differently than Fleming's patented invention.  And until Escort revealed how its products operated differently, Fleming – and its expert Dr. Bartone – could not render any specific opinion on the doctrine of equivalents.

For much of the discovery period, Escort did not provide the detail necessary for Fleming to advance an argument for the doctrine's applicability; this is demonstrated by the numerous Court Orders granting Fleming's motions to compel production of source codes, interrogatory answers, and an expert for deposition.  *See Orders (Dkt. Nos. 78, 82, 85, 86 & 90).*  Finally, Escort's expert Dr. Grindon filed his report concluding that certain lines of source code made Escort products operate differently but failing to explain how the source code worked.  This bare conclusion, without any explanation for its basis, led the Court to exclude the opinions from trial.  *See Memorandum Decision (Dkt. No. 238).*

In the meantime, Dr. Bartone was forced to guess what Dr. Grindon's ultimate explanation might be, and he made a stab at it in his Rebuttal Report at Appendix Q.  *See Exhibit 9 (Dkt. No. 139-9).*  Escort now complains that Dr. Bartone was not more specific.  But if he lacked specificity, it was because he had nothing but the bare conclusions of

**Memorandum Decision & Order - 11**

Escort's expert to work with.  Put in that context, Escort's argument must be rejected.  Escort cannot benefit from being the cause of Dr. Bartone's inability to be more precise.  The Court will therefore deny Escort's motion in limine to exclude the opinions of Dr. Bartone regarding the doctrine of equivalents.

Escort also seeks to exclude any testimony from Dr. Bartone regarding priority dates and indefiniteness.  Escort has not identified any particular testimony or evidence that Dr. Bartone intends to submit on these issues, and the Court refuses to rule in the abstract on a motion in limine.

For all of these reasons, both motions under consideration will be denied.

**Motion to Preclude Expert Testimony Regarding Matters Not Included In Plaintiff's Financial Expert Reports (Dkt. No. 205)**

In this motion, Escort seeks to exclude portions of the testimony of Fleming's financial expert concerning damages, Vince O'Brien.  Escort argues first that O'Brien should not be allowed to testify to anything that he first revealed in his rebuttal expert report that should have been revealed in his initial report. Because Escort provides no concrete examples of this, the Court refuses to rule in the abstract.

Escort also argues that O'Brien should not be allowed to testify to any international sales of Escort products because he said nothing about them in his expert reports.  Escort argues that Fleming can only obtain damages for those Escort products sold in the United States, and that it is Fleming's burden to prove which Escort sales took place within the United States as opposed to internationally.  Fleming responds that

**Memorandum Decision & Order - 12**

Escort never revealed during discovery that it had any international sales, and only did so about 6 weeks prior to trial, well-past the deadlines for expert reports. Thus, Fleming's expert assumed in his report that their were no international sales. Fleming argues that it would not be fair for Escort to take advantage of a late disclosure.

This is an issue that must await trial. Typically, O'Brien's testimony would be limited to what he disclosed in his expert reports and any deposition that was taken. However, if certain requested discovery material was not timely disclosed, the Court will not permit a party to benefit from a late disclosure that misled its opponent. Because the Court does not have enough information at this time to exclude any portion of O'Brien's opinions, the Court will deny the motion in limine at this time, but without prejudice to Escort's right to raise this issue again at trial.

## Motion to Preclude Plaintiff From Presenting Arguments that Escort Copied Plaintiff's Alleged Invention (Dkt. No. 209)

In this motion, Escort seeks to exclude Fleming's evidence that Escort committed infringement by copying. The Court has already discussed this issue fully above, and will deny this motion for the same reasons.

## Motion to Preclude Telling the Jury About Infringement of Claims 18, 45, & 47-48 of the '038 Patent (Dkt. No. 214)

Escort seeks to preclude the jury from hearing that the Court has determined, as a matter of law, that Escort infringed '038 patent claims 18, 45, 47, and 48. Escort is concerned that if the jury is told that it infringed these claims, the jury will "likely conclude that Escort has no defenses and will proceed to an award of damages." *See*

**Memorandum Decision & Order - 13**

*Escort Brief (Dkt. No. 214)* at p. 2. Yet that concern can be alleviated (1) by instructing the jury to consider Escort's defenses before proceeding to damages, and (2) by presenting the jury with a verdict form that marches them through each issue and prevents them from skipping over Escort's defenses. This motion will be denied.

## Motion to Preclude Plaintiff From Telling Jury About Willful Conduct Beyond Discovery Responses and Infringement Contentions (Dkt. No. 217)

Escort seeks to preclude Fleming from introducing any evidence on wilfulness that was not provided in discovery responses or Infringement Contentions. Because Escort does not seek to preclude any specific evidence, the Court will deny the motion.

## Motion to Preclude Plaintiff From Telling Jury About Opinions of Counsel (Dkt. No. 218)

Escort seeks to preclude Fleming from introducing any evidence that Escort did not disclose attorney-client communications and thereby improperly paint Escort as a wilful infringer. Escort argues that no adverse inference can be drawn from an accused infringer's invocation of the attorney-client privilege. *Knorr-Bremse Systems v. Dana Corp.,* 383 F.3d 1337, 1344-45 (Fed.Cir. 2004)(en banc).

Once again, because Escort does not identify any specific evidence it seeks precluded, the Court must deny the motion. The Court will direct Fleming that if it intends to offer any evidence that Escort invoked the attorney-client privilege, that it first advise the Court so that matter may be taken up outside the presence of the jury.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the following motions in limine (docket nos. 198, 199, 200, 201, 202, 203, 205, 209, 214, 217 & 218) are DENIED.

DATED: **June 4, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 15**