IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>        Plaintiff,<br><br>    v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>        Defendants. | Case No.  CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion by Escort to exclude portions of Vincent O'Brien's testimony. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Fleming seeks a royalty of $25 per unit. In support, Fleming's financial expert O'Brien intends to testify about licensing arrangements for his patents that post-date the date of the alleged first infringement in 2007. One of the deals was in 2010 and another in 2012. Escort seeks to exclude this testimony on two grounds: (1) The law forbids evidence of licensing deals that post-date the date of first infringement, which is the date established for the hypothetical negotiation that is the key to royalty calculation; and (2) O'Brien never explained in his expert reports why a licensing deal entered into years after the hypothetical negotiation date would be relevant.

**Memorandum Decision & Order - 1**

The Court disagrees with both grounds. First, the case law sets up no automatic bar, and in fact allows such evidence if appropriate. *See, e.g., Lucent Tech., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1333-34 (Fed. Cir. 2009) (stating that "[c]onsideration of evidence of usage after infringement started can, under appropriate circumstances, be helpful to the jury and the court in assessing whether a royalty is reasonable"). Second, O'Brien provided the explanatory link in his Rebuttal Report:

> A standard way for uncertainty about the volume of sales to be resolved is through the use of a running royalty. In this case, that was the path taken in the actual license negotiation between Fleming and K40 [one of the licensing deals entered into after 2007]. I have no reason to believe that Escort would have preferred a lump sum payment in advance of knowing its own volume of sales. But [Escort's expert] would like to ignore the uncertainty about the volume that existed at the date of the hypothetical to select a lump sum license that, in retrospect, undervalues the patent.

*See Rebuttal Report (Dkt. No. 244-4)* at ¶¶ 9-10. O'Brien is explaining here how the licensing deals after 2007 show what the parties would have done in a hypothetical negotiation in 2007. In essence, O'Brien is saying that in 2007, Fleming would have insisted on a running royalty because of the uncertainty of sales volume. Thus, the relevance of the running royalty licensing deals entered into after 2007 was explained by O'Brien and is not being revealed for the first time on the eve of trial.

For all these reasons, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude (docket no. 221) is DENIED.

**Memorandum Decision & Order - 2**



**DATED: June 15, 2012**

**B. LYNN WINMILL**
**Chief Judge**
**United States District Court**