IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>            Plaintiff,<br><br>     v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>            Defendants. | Case No.  CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Fleming brings three motions in limine seeking to exclude evidence relating to litigation with a Mr. Coverstone.  The motion is fully briefed and at issue.  For the reasons expressed below, the Court will grant the motion in part.  The Court will exclude any evidence of (1) the Texas litigation between Dowler and Coverstone; (2) Coverstone's charges of misconduct of any type against Fleming and Dowler, whether made in the Texas litigation or elsewhere; (3) the details of the California litigation beyond the facts that Fleming filed the suit to enforce the alleged $1 million deal between Coverstone and Fleming, and any statements under oath by Fleming regarding the value of his patents.

## ANALYSIS

Fleming's counsel, Mike Dowler, had done legal work for Coverstone and introduced him to Fleming to discuss purchasing Fleming's '798 patent.  Eventually, no money changed hands, and both sides felt duped.  Fleming thought Coverstone had agreed to pay $1 million for the patent but then breached the agreement by failing to pay.  Coverstone responded that he had

**Memorandum Decision & Order - 1**

the right to pull out because Fleming had misrepresented the legal strength of his patents. Coverstone filed his own lawsuit in Texas against Dowler and his prior law firm concerning the legal work Dowler had done for Coverstone.

Fleming now seeks to exclude (1) any evidence regarding any relationship between Mr. Dowler and Mr. Coverstone; (2) any allegation by Coverstone of Fleming's misconduct and the existence of the breach of contract litigation between Fleming and Coverstone in California; and (3) any evidence at trial regarding Coverstone's allegations of misconduct against Dowler and Coverstone's litigation in Texas against Dowler and his prior law firm.

Fleming does not object to Escort raising at trial any issue concerning the negotiations between Fleming and Coverstone regarding the value of Fleming's patents.  Nor does Fleming object to Escort identifying and exploring Dowler's role in those negotiations.

Certainly the negotiations between Fleming and Coverstone are relevant to value, and Dowler was part of those negotiations.  Escort has not identified Dowler as a witness, and so cannot call him as one, but his role in the negotiations may, under appropriate circumstances, be discussed by others, as he has recognized in his briefing on this motion.

Furthermore, the fact that Fleming sued Coverstone for the purchase price is relevant as it is further evidence of the value Fleming placed on the patent at that time.  The Court will not, however, allow a journey down the rabbit trail of details surrounding that California litigation. Its relevance lies in the fact that Fleming sued Coverstone alleging that a deal had been made to sell the patent for $1 million.  Also relevant are Fleming's statements made under oath during that litigation pertaining to the value of his patent.  But Escort has made no showing that any other evidence from the California litigation – such as Coverstone's allegations or counterclaims

**Memorandum Decision & Order - 2**

– have any relevance. Accordingly, the Court will exclude any additional evidence concerning the California litigation, although Escort is free at trial to demonstrate how additional evidence is relevant and not precluded by Rule 403. But such a showing must be made by a proffer outside the presence of the jury.

Turning to the Texas litigation, it concerns a dispute over legal work between Coverstone and Dowler. Escort has made no showing that it has any relevance to valuation or any other issue in this trial. It will be excluded. For the same reason, the Court will exclude any evidence of Coverstone's allegations of misconduct against Dowler or Fleming, whether made in the Texas litigation or elsewhere. Again, no showing of relevance has been made by Escort.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Court will exclude any evidence of (1) the Texas litigation between Dowler and Coverstone; (2) Coverstone's charges of misconduct of any type against Fleming and Dowler, whether made in the Texas litigation or elsewhere; and (3) the details of the California litigation beyond the facts that Fleming filed the suit to enforce the alleged $1 million deal between Coverstone and Fleming and any statements under oath during that litigation by Fleming regarding the value of his patents.

DATED: **June 18, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge