IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.,<br><br>    Defendants. | Case No.  CV 09-105-S-BLW<br><br>**MEMORANDUM DECISION RE JURY QUESTION** |

Just after the jury in this case began its deliberations, they sent out a note to the Court asking the following:

> Can we possibly get some broader definitions or examples of "prior art"?  The definition in our notebook seems very limited.  Can internal company documents, prototypes, etc. that aren't available to the public be considered prior art?

The Court proposed to counsel, by e-mail, that the question be answered by referring the jury to the Glossary definition contained in their original instructions that was taken directly from the Northern District of California Model Patent Jury Instructions.  The plaintiffs agreed but the defendants objected, arguing that

> Yes, a company's device (or "prototype") can be prior art. See Instruction # 19.  It need not be available to the public to be considered prior art.  Internal company documents can also be prior art or they can corroborate other prior art.  Defendants request the above answer as a reference back to the glossary does not seem to answer the specific question posed. . . . .  In addition . . . in connection with the Glossary, it says in the very first paragraph that "some terms will be defined in more detail in the instructions you are given. The definitions in the instructions must be followed and must control your deliberations."  Thus, the incomplete glossary definition cannot control and the jury should be referred to instructions 19 and 20.

**Memorandum Decision - 1**

Defendants' argument that a "prototype" can be prior art and "need not be available to the public to be considered prior art" is not entirely correct. In *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1039 (Fed. Cir. 2001), the court stated that "§ 102(g) prior art must be somehow made available to the public in order to defeat another patent . . . ." The Glossary definition makes this clear and is taken directly from the Northern District of California Model Patent Jury Instructions. Hence, the Court will refer the jury to the Glossary definition.

The Court does agree with defendants that the answer should also refer to instructions 19 and 20. Hence the Court will send the following answer to the jury:

**Answer to Jury Question #1**

You asked about a more complete definition of the term "prior art." Please see the definition of that term in the Glossary that was at the end of the original instructions you received in your binder at the beginning of the case. Also, please review instructions 19 and 20.

DATED:  **July 2, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision - 2**