Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)
mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>           Plaintiff,<br>v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.<br><br>           Defendants. | Case No. 1:09-cv-00105-BLW<br><br>PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER RELEASING THE PARTIES' ESCROW, COMPELLING PAYMENT OF THE COURT'S INTEREST AWARD, AND FOR AN ABREVIATED BRIEFING SCHEDULE |

After more than five years of litigation, Mr. Fleming won this case, yet defendants refuse to pay him the jury award ($750,000) or any of the Court's pre- and post-judgment interest award ($560,980.87).[1]  Mr. Fleming has gone round-and-round with defendants for months concerning their refusal to pay, while defendants have made herculean efforts to avoid paying.  The circumstances suggest the real reason defendants are refusing to pay is they are financially unable to do so.  Accordingly, an emergency has arisen necessitating a Court order (1) setting an abbreviated schedule for hearing from the parties on this issue and (2) compelling defendants to immediately pay Mr. Fleming the jury award and the Court's award of pre- and

---

[1] The Court also awarded Mr. Fleming approximately $120,000 in attorney fees, but since the Court has not issued a final accounting of those fees, Mr. Fleming is not including that amount in the present motion.  (*See* Dkt. No. 380.)

post-judgment interest. Only such an order can avoid the travesty of Mr. Fleming being forced through five years of litigation, and a second on-going case, only to have defendants siphon their existing funds in order to declare his victory "uncollectable".

## CASE BACKGROUND

This case was filed in March 2009 and tried in June-July 2012. The jury found every one of Mr. Fleming's asserted patent claims infringed and awarded $750,000 in damages. (Dkt. No. 304.) On March 27, 2013, the Court denied all of defendants' post-trial motions and ordered defendants to escrow the $750,000 jury award due to defendants' "precarious financial situation". (Dkt. 336 at p. 6.) The escrow can be released only by party agreement or Court order.

The Court next issued a February 21, 2014 order, wherein it: (1) designated Mr. Fleming the "prevailing party"; (2) granted Mr. Fleming's motion for attorney fees due to defendants' repeatedly "vexatious" litigation conduct; (3) granted Mr. Fleming's motions for pre- and post-judgment interest; and (4) granted Mr. Fleming's motion for sanctions due to defendants' violation of a Court order. (Dkt. No. 376 at pp. 4-7; 19-20.) Although the Court is in the process of determining the exact amount of its approximate $120,000 fee award, there is no uncertainty regarding the Court's award of pre-judgment interest ($559,479.45) and post-judgment interest ($1,501.42). (*Id.*)

## DEFENDANTS' APPEAL

Defendants appealed the Court's February 21, 2014 decision. (Dkt. No. 385.) Despite appealing, defendants refused to secure the Court's $560,980.87 award of pre- and post-judgment interest—via escrow, supersedeas bond, or otherwise—by nonsensically and inconsistently arguing the Court's award (Dkt. No. 376) was a mere "order" and not a

"judgment". (Dkt. No. 407-1 (refusing to post an appeal bond because "[t]he only Judgment entered in this case is Dkt. No. 337").)[2]  The *only* issue defendants appealed was whether Mr. Fleming's patents are valid reissue patents under 35 U.S.C. § 251. (Exh. 1, Defendants' Appeal Br. at pp. 59-65 (cross appeal).)  Importantly, defendants have *not* appealed the jury's $750,000 damage award, nor have they appealed the Court's $560,980.87 award of pre- and post-judgment interest. (*Id.*)  Nevertheless, despite there being no possibility of any change in either of these awards on appeal, defendants still refuse to pay Mr. Fleming either award.

## DEFENDANTS' ARGUMENT

As the Court may recall, after Mr. Fleming discovered errors in some of the claims in his original patents, the Patent Office reissued them to correct the errors. The reissued patents were asserted at trial. (*See* Dkt. No. 336, Order at pp. 1-4 (explaining Fleming's reissue process and affirming the validity of his reissue patents).)  Importantly, there were no errors in the first ten claims (claims 1-10) in Mr. Fleming's original '798 patent and, as a consequence, those ten claims carried over as "original" claims 1-10 in Mr. Fleming's asserted '038 (reissue) patent. While the Court has acknowledged the originality of these claims in the past (*id*. at p. 4), the '038 patent itself shows the same thing by the non-italicized font used to print claims 1-10. (Exh. 2, '038 patent at col. 1, lns. 5-8 ("matter printed in italics indicates the additions made by reissue.").)

It is hornbook patent law—and defendants will not dispute—that such "original" claims in a reissue patent cannot be invalidated if later it is decided that the new (*i.e.,* non-original) claims in the reissue patent were improperly reissued. 35 U.S.C. 252 at ¶ 1; *Hewlett-Packard*

---

[2] While defendants argue (to Mr. Fleming) that the Court's award was a mere "order" and not a "judgment", that is not what they told the Federal Circuit when they appealed and called the same award a "Final Judgment". (Exh. 8 at p. 2.)

3

*Co. v. Bausch & Lomb, Inc.,* 882 F.2d 1556, 1566-67 (Fed. Cir. 1989) (original claims unaffected even where reissue claims were invalid due to improper reissue).  The effect of this for purposes of the present case is that—as a matter of law—no ruling by the Federal Circuit (pursuant to the only issue raised in defendants' appeal) can or will affect the validity of claims 1-10 in the '038 patent.  (*Id.*)

In fairness, it should be pointed out that, of original claims 1-10 in the '038 patent, Mr. Fleming asserted at trial only claims 1, 3, 5, 6, and 7.  (Exh. 3, Jury Verdict.)  While the jury found that each of defendants' accused products infringed each of those claims, it also found that claim 1 was invalid.  (*Id.*)  Moreover, while the proceeding is not complete, claims 1, 3, 5, and 6 currently stand provisionally rejected by the Patent Office in an on-going reexamination proceeding defendants filed just prior to trial.

Accordingly, for purposes of argument here, Mr. Fleming will only address claim 7 in the '038 patent since (1) the jury found that claim valid and infringed by every one of defendants accused products, (2) defendants have not appealed the jury's infringement/validity findings on that claim, (3) claim 7 cannot otherwise be invalidated on appeal because it is an original claim not subject to reissue invalidity, and (4) the Patent Office confirmed the validity of claim 7 during reexamination.  In other words, claim 7 is to defendants as the atom bomb was to Hiroshima and Nagasaki.  *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1566, n. 8 (Fed. Cir. 1996) ("Infringement of one valid and enforceable patent claim is all that is required for liability to arise.") *citing e.g., Panduit Corp. v. Dennison Mfg. Co.,* 836 F.2d 1329, 1330 n. 1 (Fed. Cir. 1987) ("one is liable for patent infringement if one claim be infringed").

Despite the unassailable facts and irrefutable law showing there is nothing that can happen at this point that will preclude defendants from having to pay Mr. Fleming for their trial

loss, defendants still refuse to pay. Mr. Fleming repeatedly has had this exact discussion with defendants and all they will do is repeat the following mantra:

> If Escort's appeal is successful, the '038 and '653 patents are invalid. It follows that the jury's verdict, and any pre-judgment and post-judgment interest, cannot stand. Even pursuant to Fleming's passing comments regarding claim 7 of the '038 patent, a successful appeal means that 9 of the 10 patent claims upon which the jury's verdict is based are invalid, and one of the two patents found to have been infringed would not be infringed (because it is invalid). Thus, Fleming is wrong that Escort's appeal cannot have any effect on the jury's verdict.

(Dkt. No. 413 at p. 5; Exh. 4, party correspondence.) The errors in defendants' argument are rampant and apparent.

As an initial matter, defendants cite nothing in support of their argument. Prior to filing this motion, Mr. Fleming asked defendants for supporting authority and they conspicuously refused to provide any. (Exh. 4, party correspondence.)

As for the specifics of defendants' argument, defendants are wrong as a matter of law when concluding (without citation support) that "[i]f Escort's appeal is successful, the '038 and '653 patents are invalid". As the Federal Circuit expressly held in *Hewlett-Packard v. Bausch & Lomb,* original claims 1-10 in the '038 patent cannot be invalidated based on defendants' claim that the '038 patent was not properly reissued. 882 F.2d 1556, 1566-67 (Fed. Cir. 1989). With that being the case, defendants are necessarily again wrong when next concluding (again without citation support) that "[i]t [therefore] follows that the jury's verdict, and any pre-judgment and post-judgment interest, cannot stand."

Defendants' next argument acknowledges the validity of claim 7 in the '038 patent, but defendants again err as a matter of law in concluding (again without citation support) that it takes infringing more than one claim or one patent to warrant a damages award. *Bio-Technology*, 80 F.3d at 1566, n. 8 (Fed. Cir. 1996) ("Infringement of one valid and enforceable patent claim is all that is required for liability to arise.") *citing e.g., Panduit,* 836 F.2d at 1330 n. 1 (Fed. Cir. 1987)

5

("one is liable for patent infringement if one claim be infringed").

Simply put, there is nothing legitimate—factually, legally, or ethically—about defendants' refusal to pay Mr. Fleming the $750,000 jury award or the Court's $560,980.87 award of pre- and post-judgment interest.

## WHAT REALLY IS GOING ON

Defendants have refused to pay Mr. Fleming because they are small, privately-held companies experiencing a secreted financial disaster. According to defendants' documents, they have lost many millions of dollars selling GPS-enhanced radar detectors. (Exh. 5.) In 2008, defendants had a net loss of $4,913,754. (*Id*.) In 2009, they had a net loss of $429,189. (*Id*.) In 2010, they had a net loss of $324,356. (*Id*.) In 2011 ▇▇▇ they had a net gain of $1,272,612 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the Court found defendants' financial condition so "precarious" that it ordered them to escrow their $750,000 trial loss. (*Fleming v. Escort,* Case No. 1:09-cv-105-BLW, Dkt. No. 336, Order at p. 6.)

Aside from these ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ It is again worthy of pointing out that this data *post-dates* the data the Court relied on when finding defendants' financial condition so "precarious" that it ordered them to

escrow their $750,000 trial loss.  (*Fleming v. Escort,* Case No. 1:09-cv-105-BLW, Dkt. No. 336, Order at p. 6.)

The calamity of these numbers has not been lost ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ In a recent brief in the

parties' second case, defendants claimed their 2013 year-end earnings to debt ratio indicated they

████████████████████████████████████████████████████████████

████ The problem, of course, is that defendants owe Mr. Fleming ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

This explains defendants' extraordinary machinations to avoid posting an appeal bond to secure the Court's pre- and post-judgment interest award—they simply cannot afford it, and no right-minded bondsman will loan defendants that kind of money given their financial condition.  It also explains defendants' all out effort to avoid directly paying Mr. Fleming the money defendants now irrefutably owe him.  Indeed, this is not a matter—as defendants would have the Court believe—of an alleged difference between a court "order" and a court "judgment", nor is it about defendants simply waiting for the Court to issue an order requiring them to pay, nor is it about the subject matter of defendants' appeal.  Each of those arguments, as shown, is frivolous.

What really is happening is that defendants are on the brink of financial disaster and they are creating excuses to avoid paying Mr. Fleming.  That, however, is not defendants' option.  Unlike every other company in the market selling GPS-enhanced radar detectors (who have taken a license to Mr. Fleming's patents), defendants chose to infringe.  They had their day in Court, and they lost.  At this point, the judicial process does not tolerate defendants' ongoing

gamesmanship. *See e.g., Windsurfing Intern., Inc v. AMF, Inc.,* 782 F.2d 995, 1003, n. 12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected.").

## THE REQUESTED RELIEF

Mr. Fleming respectfully requests a Court order (1) setting an abbreviated schedule for hearing from the parties on this issue, (2) ordering the parties' $750,000 escrow to be immediately released to Mr. Fleming, and (3) compelling defendants to immediately pay Mr. Fleming the Court's award of pre- and post-judgment interest.


June 26, 2014                    Respectfully Submitted

                                                      /s/
Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)

Attorneys for Plaintiff Hoyt A. Fleming

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of June 2014, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons. To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

> Brett A. Schatz
> Gregory F. Ahrens
> WOOD, HERRON & EVANS, L.L.P.
> 441 Vine Street
> 2700 Carew Tower
> Cincinnati, OH 45202
> bschatz@whe-law.com
> gahrens@whe-law.com

/s/
Michael S. Dowler