Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)
mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>             Plaintiff,<br>v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.<br><br>             Defendants. | Case No. 1:09-cv-00105-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF HIS EMERGENCY MOTION FOR AN ORDER RELEASING THE PARTIES' ESCROW, COMPELLING PAYMENT OF THE COURT'S INTEREST AWARD, AND FOR AN ABREVIATED BRIEFING SCHEDULE (DKT. NO. 414) |

      Mr. Fleming's emergency motion sought a Court order (1) releasing the parties' $750,000 escrow to Mr. Fleming, (2) compelling defendants to immediately pay Mr. Fleming the Court's award of pre- and post-judgment interest, and (3) shortening the parties' briefing schedule on the matter. (Dkt. No. 414.) The Court issued an amended judgment shortly after Mr. Fleming filed his motion, effectively addressing the last two issues. (Dkt. No. 417.) Specifically, because defendants had refused to pay Mr. Fleming the Court's award of pre- and post-judgment interest on the premise that the award was based on a mere "order" and not a "judgment", the Court's amended judgment negates defendants' argument. It also moots Mr. Fleming's present request for payment because now Mr. Fleming is able to execute on the amended judgment in Ohio where defendants' assets are located, which Mr. Fleming is in the process of doing.

The only remaining issue, therefore, is Mr. Fleming's request that the Court issue an order releasing the parties' escrow to Mr. Fleming. The parties' escrow agreement expressly authorizes the release of the escrow funds pursuant to an order of this Court (Exh. 9 at ¶¶ 4, 7(g)), as the Court previously ordered when instituting the escrow:

> The Court approves the use of Huntington Bank as escrow agent. The Court further agrees with Fleming that the escrow release provisions should be limited to the following circumstances: (1) as jointly directed by Mr. Fleming and defendants (in the event of a settlement or otherwise), and (2) as ordered by the Court. The Court rejects the modifications sought by Escort.

(Dkt. No. 336, Order at p. 6.) Defendants make only two arguments for why the Court should not release the escrow now, as Mr. Fleming requests. Both arguments are easily distinguishable.

Defendants first argue the escrow should not be released because the Court commented in another, unrelated order that the escrow would not be released until "all appeals are completed". (Opp. Br. at p. 2, citing Dkt. No. 376, Order at p. 8.) Defendants' citation to the Court's unrelated order at Dkt. No. 376 conspicuously ignores the Court's earlier order instituting the escrow. As pointed out above, when instituting the escrow, the Court did not make the escrow's release contingent on the status of the parties' appeal. (Dkt. No. 336, Order at p. 6 ("The Court further agrees with Fleming that the escrow release provisions should be limited to the following circumstances: (1) as jointly directed by Mr. Fleming and defendants (in the event of a settlement or otherwise), and (2) as ordered by the Court.").) While it is not clear why the Court subsequently commented (while discussing other issues) that the escrow would not be released until after the parties' appeal, it was likely due to the Court's later, entirely logical assumption that defendants would appeal an issue that could reverse the (escrowed) $750,000 jury award.

That brings us to the second issue raised by defendants' present opposition brief, *i.e.,* that defendants' pending appeal could affect the $750,000 jury award and, as such, the parties' escrow should not be released until after the appeal. Mr. Fleming's opening brief explained in

detail how that could not be the case since defendants have not appealed the $750,000 damage award, nor have they appealed the validity of at least claim 7 in the '038 patent, which was found valid and infringed by every accused product in the parties' case.  In other words, no matter how the Federal Circuit rules on defendants' appeal, there is no circumstance in which defendants will not still be liable for their infringement of claim 7.  (Opening Br. at pp. 3-6.)

Defendants conspicuously do not mention, much less attempt to distinguish, the Federal Circuit precedent cited in Mr. Fleming's opening brief for the well-settled rule of law that defendants' infringement of even one patent claim subjects it to the fully panoply of infringement damages, irrespective of the infringement/validity status of other asserted patent claims.  (*Id*. at p. 4, citing *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1566, n. 8 (Fed. Cir. 1996) ("Infringement of one valid and enforceable patent claim is all that is required for liability to arise.") *citing e.g., Panduit Corp. v. Dennison Mfg. Co.,* 836 F.2d 1329, 1330 n. 1 (Fed. Cir. 1987) ("one is liable for patent infringement if one claim be infringed").)

Instead, defendants cite two other cases as alleged support for their argument that their appeal could change the outcome of this case:  *Verizon Servs. Corp. v. Vonage Holding Corp.,* 503 F.3d 1295, 1310 (Fed. Cir. 2007) and *NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282 (Fed. Cir. 2005).  However, neither case supports defendants' argument since both involved multiple patents asserted against different products, such that there was no one infringed patent claim asserted against all the accused products.  In such cases it makes sense that a damage award that does not distinguish between (or correlate) infringed claims and accused products would need to be revisited if some of the infringement/validity findings were reversed.

That is not the case here since, as shown below, the jury found claim 7 was valid and that *every* accused product infringed at least that claim.

| As to the '038 Patent | | | | |
|---|---|---|---|---|
| '038 Patent Claim | Beltronics GX65 | Passport 9500i | Passport 9500ix | Passport iQ |
| Claim 1 | Yes | Yes | Yes | Yes |
| Claim 7 | Yes | Yes | Yes | Yes |
| Claim 18 | Yes | Yes | Yes | Yes |
| Claim 25 | Yes | Yes | Yes | Yes |
| Claim 28 | Yes | Yes | Yes | Yes |
| Claim 45 | Yes | Yes | Yes | Yes |
| Claim 47 | Yes | Yes | Yes | Yes |
| Claim 48 | Yes | Yes | Yes | Yes |

(Dkt. No. 304, Jury Verdict at p. 2; *see also* pp. 5, 7-11.)  Thus, this case does not present the situation that arose in *Verizon* or *NTP*, nor do (or could) defendants even contend otherwise.

Accordingly, because defendants have presented no supportable opposition to Mr. Fleming's motion, Mr. Fleming respectfully requests that the Court issue an order releasing the parties' escrow to him, just as it contemplated when instituting the escrow.

July 28, 2014                              Respectfully Submitted

                                           _____/s/_____
                                           Michael S. Dowler
                                           Park, Vaughan, Fleming & Dowler, LLP
                                           5847 San Felipe, Suite 1700
                                           Houston, TX 77057
                                           (713) 821-1540
                                           (713) 821-1401 (facsimile)

                                           Attorneys for Plaintiff Hoyt A. Fleming

4

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 28th day of July 2014, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons.  To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

    Brett A. Schatz
    Gregory F. Ahrens
    WOOD, HERRON & EVANS, L.L.P.
    441 Vine Street
    2700 Carew Tower
    Cincinnati, OH 45202
    bschatz@whe-law.com
    gahrens@whe-law.com


    /s/
    Michael S. Dowler