STEVEN B. ANDERSEN, ISB NO. 2618
ANDERSEN BANDUCCI PLLC
101 South Capitol Boulevard, Suite 1600
Boise, Idaho 83702
Telephone:     (208) 342-4411
E-Mail:         sba@andersenbanducci.com

GREGORY F. AHRENS
BRETT A. SCHATZ
WOOD, HERRON & EVANS, L.L.P.
Attorneys at Law
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio  45202-2917
Telephone:  (513) 241-2324
Facsimile:   (513) 241-6234
gahrens@whepatent.com
bschatz@whepatent.com

Attorneys for Defendants
    Escort Inc.
    Beltronics USA, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HOYT A. FLEMING, | ) | Case No. 1:09-cv-00105-BLW |
| | ) | |
| Plaintiff | ) | **DEFENDANTS' OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION TO HOLD** |
| vs. | ) | **DEFENDANTS IN CONTEMPT** |
| | ) | **(DKT. NO. 420)** |
| ESCORT INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BELTRONICS USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.     INTRODUCTION**

Mr. Fleming's Motion to hold Escort in contempt should be denied. As it was Ordered by this Court, Escort funded an escrow account to the full extent of the jury's verdict, and Escort has repeatedly offered to supplement that escrow to the full extent of the Amended Judgment. Based on these undisputed facts, Escort requested a stay of execution, and that request awaits a decision from the Court. In the alternative, Escort (and Mr. Fleming) separately moved the Court to release the escrowed funds so that they could be used to pay Mr. Fleming. Those requests also await a decision from the Court.

In an attempt to circumvent the Court's determination on these pending matters, Fleming threatened the use of a local sheriff and then filed a lawsuit against Escort in Butler County, Ohio seeking execution. The Ohio Court recently ruled that, based on these same facts, execution should be stayed. (*See* Exhibit A).

For these reasons, which are described in more detail below, Escort requests that Mr. Fleming's Motion be denied.

**II.    ARGUMENT**

After the June 2012 trial, Mr. Fleming demanded that Escort provide security for the full amount of the jury's verdict, and he asked that security be provided in the form of an escrow. (Dkt. No. 327). He demanded that an escrow be ordered immediately, arguing that the damage award would not likely be disturbed on appeal. *Id.* at 3. Mr. Fleming argued and successfully obtained relief in the form of a Court ordered escrow. (*See* Dkt. Nos. 336 and 337).

Escort funded the escrow, as ordered. And, the Court ruled that the escrow provides the sought after security, through all appeals, because that is what Fleming requested:

DEFENDANTS' OPPOSITION

1

> Escort has paid that sum into an escrow account as requested by Fleming until all appeals are completed.

(Dkt. No. 376, at 8) (emphasis added).

Further, even before the Amended Judgment was entered, Escort confirmed that it is committed to fully satisfying any final judgment in this case, and confirmed that it would provide any additional funding of the existing escrow account as determined by the Court. (*See* Dkt. No. 405, at Exhibits B and C). In fact, that is exactly what Fleming asked for – he asked that Escort be ordered to supplement the existing escrow. (*See* Dkt. No. 340, at 1: "Mr. Fleming hereby respectfully requests that the Court now order both pre- and post-judgment interest on the jury verdict and that defendants be further ordered to escrow all such interest.").

And, that is why Escort requested that *any* execution or payment to Mr. Fleming be stayed, and expressly addressed the anticipated Amended Judgment in that request. (*See* Dkt. No. 405, at 2). That Motion is pending and awaits a decision from the Court. In addition, in the event the Court orders Escort to actually pay Mr. Fleming, both Parties have requested that the Court release the escrow. (Dkt. Nos. 405, 414 and related papers). Otherwise, Escort would have funded an escrow, but would be not have access to the monies deposited therein to pay Mr. Fleming.

Based on these same facts, Honorable Judge Pater from the Butler County, Ohio Court rejected Mr. Fleming's arguments and granted Escort's request to stay execution. As background, and as mentioned above, Mr. Fleming attempted to circumvent the Court's determination on these pending matters and sued Escort in Butler County, Ohio. Mr. Fleming threatened the use of a local sheriff and tried to execute on the Amended Judgment, forcing

Escort to present these same facts to Honorable Judge Pater.  The Ohio Court ruled that execution should be stayed:

> The purpose of the July 2014 amended judgment was merely to state the specific amounts of the attorney fees, sanctions and costs that the court had already awarded in its earlier rulings…Escort and Beltronics appealed from those earlier rulings.  In addition, they filed a motion to stay the earlier rulings, which has yet to be ruled upon by the Idaho District Court.  Finally, they funded an escrow account pursuant to the Idaho District Court's order, and have indicated to that court their willingness to supplement the escrow to the full extent of the monetary amount set forth in the amended judgment, if requested by that court.

(*See* Exhibit A).

Because Escort has (1) already funded the escrow requested by Mr. Fleming and ordered by the Court, (2) repeatedly offered to supplement that escrow to the full extent of the Amended Judgment, and (3) filed a motion to stay any execution (including execution on the Amended Judgment), Escort submits that Mr. Fleming's motion to find Escort in contempt should be denied.  Should the Court deny Escort's motion to stay execution, Escort submits that the Court should grant Escort's request to release the monies from escrow.  (Dkt. No. 405).  Otherwise, Escort would have funded an escrow, but would be not have access to the monies deposited therein to pay Mr. Fleming.

Finally, Mr. Fleming again argues that Escort has not yet posted a bond, and relies upon that fact to justify his threats to use a local sheriff in Ohio, his lawsuit in Ohio, and forcing Escort to prepare and file papers in response to his Ohio lawsuit.  Mr. Fleming knows, however, that Escort's escrow provides the necessary security, as supported by this Court's own determination ("Escort has paid that sum into an escrow account as requested by Fleming until all appeals are completed") and well-established precedent from the Ninth Circuit. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) ("In referring to

Rule 62, the district court suggested that a stay could not be granted without the giving a supersedeas bond.  However, we have held that the district court may permit security other than a bond."). Many courts, including the Ninth Circuit, have held that an escrow is an appropriate form of alternative security under Rule 62.  *See Int'l Telemeter v. Hamlin Int'l, Co.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("the court has discretion to allow other forms of judgment guarantee…The escrow account is more analogous to a supersedeas bond than to actual payment of the judgment).

### III. CONCLUSION

For the foregoing reasons, Escort requests that the Court deny Fleming's Motion.


DATED this 3rd day of November, 2014.

                                      Respectfully Submitted
                                      ESCORT INC. AND BELTRONICS USA INC.


By: /s/ _____
        Brett A. Schatz, of the firm
        WOOD HERRON & EVANS LLP

        Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Michael S. Dowler
> Park, Vaughn, Fleming & Dowler LLP
> mike@parklegal.com
>
> Steven F. Schossberger
> Hawley Troxell Ennis & Hawley, LLP
> sschossberger@hawleytroxell.com

                            /s/
                    Brett A. Schatz