# EXHIBIT A

FILED BUTLER CO.
COURT OF COMMON PLEAS

OCT 0 9 2014

MARY L. SWAIN
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

HOYT A. FLEMING,

    Plaintiff

vs.

ESCORT, INC., et al.,

    Defendants

Case No. JD2014 07 1444

(Charles L. Pater, Judge)

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY OF EXECUTION

---

    This matter is before the court on the motion filed by defendants Escort, Inc. and Beltronics USA, Inc. to stay execution on the Amended Judgment rendered by the United States District Court for the District of Idaho, and filed in this court on July 31, 2014.  Upon consideration of the motion, the pleadings and the other matters of record herein, the motion is GRANTED.

    On July 3, 2012, a jury returned a verdict in the amount of $750,000 in favor of Fleming and against Escort and Beltronics in a patent infringement suit filed in the United States District Court for the District of Idaho.  Apparently, some legal claims remained, and after further briefing by the parties, on March 27, 2013, the District Court entered a judgment on the jury verdict.  Several post-trial motions were then filed, and on February 21, 2014, the District Court issued a memorandum decision and order upholding the $750,000 jury verdict, and awarding Fleming attorney fees in an amount to be determined, pre-judgment interest of $559,479.45 and post-judgment interest of $1,501.42.  The decision and order also awarded sanctions against Escort's counsel in an amount to be determined, and denied Escort's motion to

Judge
Charles L. Pater
Common Pleas Court
Butler County, Ohio

declare Fleming's patents invalid due to his conduct before the Patent and Trademark Office.

On March 10, 2014, Escort and Beltronics appealed the March 27, 2013 judgment and the February 21, 2014 order; and on April 17, 2014 they filed in the Idaho District Court a motion to stay execution on the judgment.  Apparently, that motion has not been ruled upon.

The Idaho District Court issued a memorandum decision and an amended judgment on July 11, 2014 in which it determined the amount of attorney fees ($125,424.85), sanctions ($4,059), and costs ($13,939.84) to be levied against Escort and Beltronics.  The total amount awarded to Fleming in that amended judgment is $1,454,404.56.  It appears that Escort and Beltronics did not appeal and did not seek a stay of the amended judgment.

On July 31, 2014, Fleming filed the amended judgment as a foreign judgment in this court.  Apparently, most or all of the assets of Escort and Beltronics are located in Butler County, Ohio and, therefore, Fleming intends to execute here on the amended judgment.

Escort and Beltronics filed their motion for a stay of execution in this court on August 25, 2014.  They contend that a stay is appropriate because there is already a motion for stay of execution currently pending in the Idaho District Court; their appeal there, if successful, would dramatically reduce the amount of the judgment against them; and there exists a completely funded escrow that the Idaho District Court has stated provides security through the appeal process.  Fleming opposes the motion, arguing that Escort and Beltronics failed to appeal the amended judgment, are

Judge
Charles L. Pater
Common Pleas Court
Butler County, Ohio

-2-

prohibited from doing so now, did not seek a stay of execution of the amended judgment, and have refused to apply for or post an appeal bond to secure the amended judgment.  Fleming's arguments are not persuasive, however, and a stay is appropriate.

R.C. 2329.022 provides, in pertinent part, that:

A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas.

R.C. 2329.024 provides:

(A) If the judgment debtor shows the court of common pleas that an appeal is pending or will be taken from a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code, or that a stay of execution of the foreign judgment has been granted and if proof is given to the court that the judgment debtor has furnished the security for the satisfaction of the foreign judgment that is required by the jurisdiction in which the foreign judgment was rendered, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

(B) If the judgment debtor shows the court of common pleas any ground upon which enforcement of a judgment of a court of common pleas would be stayed, the court shall, upon requiring the same security for satisfaction of the judgment that is required in this state, stay enforcement of a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code for an appropriate period.

Civ.R. 62 also provides for a stay of execution of any judgment pending the disposition of a motion for a new trial or a motion for relief from judgment, an appeal, or the disposition of judgments as to multiple claims or parties under Civ.R. 54(B). The granting of a stay of execution, whether a bond is necessary and, if so, its amount, are matters within the sound discretion of the trial court.  *Demery v. Baluk*,

Judge
Charles L. Pater
Common Pleas Court
Butler County, Ohio

6th Dist. No. H-87-26, 2011-Ohio-3231, par.2; *Winton Savings & Loan Co. v. Eastfork Trace, Inc.*, 119 Ohio Misc.2d 83, 2001-Ohio-4386, 774 N.E.2d 356 (C.P.), par.5.

Fleming's arguments in response to the motion to stay filed by Escort and Beltronics, focus on the amended judgment, and the failure of Escort and Beltronics to appeal from that judgment.  However, they did file an appeal from both the March 27, 2013 judgment and the February 21, 2014 order.  These earlier rulings determined and awarded Fleming the relief that is at issue.  The purpose of the July, 2014 amended judgment was merely to state the specific amounts of the attorney fees, sanctions and costs that the court had already awarded in its earlier rulings; the amended judgment did not award any additional relief.  Escort and Beltronics appealed from those earlier rulings.  In addition, they filed a motion to stay the earlier rulings, which has yet to be ruled upon by the Idaho District Court.  Finally, they funded an escrow account pursuant to the Idaho District Court's order, and have indicated to that court their willingness to supplement the escrow to the full extent of the monetary amount set forth in the amended judgment, if requested by that court.

Under the circumstances, the spirit of R.C. 2329.024(A) has been satisfied. While Fleming did not file here either the March 27, 2013 judgment or the February 21, 2014 order, the foreign judgment that was filed – the July 11, 2014 amended judgment – awards all of the relief to which Fleming is entitled, and forms the basis of the amended judgment.  An appeal is pending from the underlying judgment and order, and there is evidence of security for the satisfaction of the foreign judgment, as required by the jurisdiction in which the foreign judgment was rendered.  Therefore,

Judge
Charles L. Pater
Common Pleas Court
Butler County, Ohio

the motion of Escort and Beltronics is well-taken, and the court finds it equitable to stay execution on the amended judgment until the appeal is concluded.

ENTER

Charles L. Pater, Judge

cc:  Gregory F. Ahrens, Esq.
     Greg A. Goldblatt, Esq.

Judge
Charles L. Pater
Common Pleas Court
Butler County, Ohio

-5-