Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)
mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ESCORT, INC. and BELTRONICS USA, INC.<br><br>　　　　Defendants. | Case No. 1:09-cv-00105-BLW<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT FOR VIOLATING A COURT ORDER AND FOR SANCTIONS (DKT. NO. 420) |

Escort's opposition fails to address the issues raised in Mr. Fleming's motion. As such, it presents no reason for denying that motion.

The facts are undisputed:

- On July 11, 2014, the Court issued an amended judgment wherein it ordered "that the defendants pay to plaintiff $1,454,404.56…" (Dkt. No. 417.)

- Despite the Court's order, Escort refuses to pay Mr. Fleming anything.

- Escort has not appealed from the Court's amended judgment, it has not requested that it be stayed[1], and it has not posted a bond for the amount of the amended judgment.

In short, there is no reason for Escort to continue to defy the Court's order other than its unstated financial inability to do so and the obvious leveraging of its belief that it may be some time

---

[1] Escort's argument that its motion to stay an *earlier* judgment operates to stay the *later-entered* judgment makes no sense because that motion obviously only related to the only judgment in the case at that time—the original judgment. If Escort wanted the later-entered judgment stayed, it should have requested that relief, so that Mr. Fleming could respond and the Court could rule.

before the Court is able to rule on any motion that would force it to pay.

Escort points out that Mr. Fleming sought to execute on the amended judgment in Ohio. In doing so, Escort accuses Mr. Fleming of seeking to "circumvent" this Court's authority. That is unfortunate and knowingly incorrect. Mr. Fleming sought to enforce the amended judgment in Ohio because Escort did not seek to stay it and that is where Escort's assets are located. Since Escort has no assets in Idaho, it hardly made sense to seek execution through this Court, which does not have jurisdiction over Escort's Ohio-based assets. Further, the fact that Mr. Fleming sought a self-help remedy in Ohio (so as to not burden this Court with yet another motion such as this one) should hardly be used against Mr. Fleming.[2]

Escort also points out that the Court previously ordered it to escrow the $750,000 jury award due to its "precarious" financial condition. What that has to do with Escort's refusal to comply with the Court's more recent order to "pay" Mr. Fleming $1,454,404.56 is a matter conspicuously missing from Escort's opposition brief. Indeed, this is not a matter of whether Escort has provided adequate security for the $1,454,404.56 award, which it indisputably has not since the $750,000 escrow obviously does not secure the $1,454,404.56 judgment. Moreover, Mr. Fleming has assured Escort that it can release the $750,000 escrow to him (as expressly authorized by the escrow agreement) as part of Escort's payment of the $1,454,404.56. Mr. Fleming made this offer to ensure that Escort is not put in the financial hardship of having to pay

---

[2] Because the Ohio court was reluctant to allow Mr. Fleming to execute on the amended judgement while there was a pending motion to stay the original judgment in this Court, and because that court incorrectly believed Escort had fully secured the original and amended judgments, the Ohio court stayed Mr. Fleming's execution efforts until this Court resolves the stay/security issues. The Ohio court also was mistaken in believing that Escort had appealed this Court's award of pre- and post-judgment interest, costs, attorney fees, sanctions, and other money awards. It has not. The *only* thing Escort appealed was the validity of some, but not all, patent claims found to be valid and infringed. (Exh. 1, Escort's Appeal Br. at p. 59 (only appealing the validity of a few of Mr. Fleming's patent claims).) As such, there is no possibility that any money awards will be affected on appeal.

while its $750,000 is simultaneously tied up.

Finally, Escort points out that it has offered to supplement its existing escrow up to $1,454,404.56. Unfortunately, given the circumstances, that is an irrelevant and unsatisfactory offer. It is undisputed that Escort has not appealed from the amended judgment or any of the monetary awards made by the jury or the Court. Thus, the offer to post security (whether in the form of an escrow or an appeal bond) does not even make sense. And even if it did, another escrow, unlike a bond, would be inadequate since an escrow is not a secure instrument against a bankruptcy trustee.[3] (Mr. Fleming originally sought an escrow because his request came before Escort had to make a decision on whether or not to appeal, and in those circumstances demanding an appeal bond did not appear appropriate.)

Accordingly, because there is no reason for Escort to continue to defy the Court's order to "pay to plaintiff $1,454,404.56", Mr. Fleming requests an order holding Escort in contempt and that sanctions be assessed at $1,000 per day that Escort does not pay as previously ordered.

November 10, 2014              Respectfully Submitted

                               _____/s/_____
                               Michael S. Dowler
                               Park, Vaughan, Fleming & Dowler, LLP
                               5847 San Felipe, Suite 1700
                               Houston, TX 77057
                               (713) 821-1540
                               (713) 821-1401 (facsimile)

                               Attorneys for Plaintiff Hoyt A. Fleming

---

[3] Mr. Fleming does not dispute Escort's case citations authorizing courts to select an appropriate form of security. In some cases, an escrow may be a fine substitute for the traditional appeal bond, but not in circumstances like these where there is a real threat of financial catastrophe and, thus, Mr. Fleming's inevitable dealings with a bankruptcy trustee's effort to claw-back the escrow. Instead, assuming a security obligation arose, these circumstances would necessitate a standard appeal bond, which cannot be clawed back during bankruptcy because it is not a financial agreement between Mr. Fleming and Escort. Rather, a bond represents a bondsman's obligation to pay Mr. Fleming if Escort does not.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of November 2014, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons. To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

>Gregory F. Ahrens
>Brett A. Schatz
>WOOD, HERRON & EVANS, L.L.P.
>441 Vine Street
>2700 Carew Tower
>Cincinnati, OH 45202
>gahrens@whe-law.com
>bschatz@whe-law.com

/s/
Michael S. Dowler